Berc Agopoglu, Esq. (SBN: 201562)
  berc@agopoglulawfirm.com
Eunyoung Oh, Esq. (SBN: 333833)
  eyoung@agopoglulawfirm.com
**THE AGOPOGLU LAW CORP., PLC**
1901 Avenue of the Stars, Suite 1900
Los Angeles, California 90067
(310) 461-1438 Telephone
(310) 461-1450 Facsimile

Attorneys for Plaintiffs, JUAN DAVID VERAMANCINI and RODRIGO TORRESMARINI

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JUAN DAVID VERAMANCINI, an individual; RODRIGO TORRESMARINI, an individual<br><br>　　　　　Plaintiffs,<br>　　vs.<br><br>COUNTY OF ORANGE, a Government Entity; DEPUTY K. REINHARDT; DEPUTY B. BLACKBURN; DEPUTY S. KALMEN; DEPUTY M. MCELWAIN; DEPUTY B. BILLINGER and DOES 1 through 50 inclusive,<br><br>　　　　　Defendants. | **Case No.:**<br><br>COMPLAINT<br>FOR DAMAGES FOR<br><br>1. Violation of Civil Rights--Fourth Amendment (42 USC § 1983)<br><br>2. Assault and Battery<br><br>3. Negligence<br><br>4. Violation of the Bane Act<br><br>5. *Monell* Liability |

Page 1

COMPLAINT FOR DAMAGES

# INTRODUCTION

1. This case challenges the abuse of discretion, excessive force, and coercive acts that deprived the Plaintiffs, JUAN DAVID VERAMANCINI ("VERAMANCINI") and RODRIGO TORRESMARINI ("TORRESMARINI"), of their federal and state rights. During Plaintiffs' arrests, Defendants COUNTY OF ORANGE ("COO"), DEPUTY K. REINHARDT ("REINHARDT"), DEPUTY B. BLACKBURN ("BLACKBURN"), DEPUTY S. KALMEN ("KALMEN"), DEPUTY M. MCELWAIN ("MCELWAIN"), DEPUTY B. BILLINGER ("BILLINGER"), without any respect for human life, brutally caused K-9 Dogs to bite and thereafter result severe disabling injuries, including inflicting permanent scars and severe lacerations against the Plaintiffs. Defendants had to undergo months of therapy, rehabilitation and recovery process. This civil action seeks to redress violations of Plaintiffs' rights under the Constitution and laws of the United States and State of California for Defendants' conduct under color of state law in which excessive force was used, causing substantial and permanent injuries to the Plaintiff.

2. This action is brought pursuant to 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 1988 and the Fourth and 14th Amendments to the United States Constitution. Plaintiffs also invoke this court's supplemental jurisdiction to assert the state law claims of assault and battery.

3. This court has jurisdiction pursuant to 28 U.S.C.A. § 1331 and 42 U.S.C.A. § 1343, since these claims arise under the Constitution and laws of the United States and since Defendants acted under color of state law.

4. Plaintiffs, complain Defendants and DOES 1 through 50, inclusive, as follows:

## VENUE AND JURISDICTION

5.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and arises under 42 U.S.C. §§ 1983 and 1988. State law claims for relief are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this Court because the unlawful acts and practices alleged herein occurred in the County of Orange, California, which is within this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

6.  At all relevant times herein, Plaintiff VERAMANCINI was and is a resident of the State of California in the County of Los Angeles.

7.  At all relevant times herein, Plaintiff TORRESMARINI was and is a resident of the State of California in the County of Los Angeles.

8.  Defendant COO is, and at all times in this complaint was, an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned Defendant COO possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Orange County Sheriff's Department ("OCSD") and its tactics, methods, practices, customs and usages. VERAMANCINI filed a government claim against COO on December 28, 2021 and COO rejected the claim on May 17, 2022. TORRESMARINI filed a government claim against COO on December 28, 2021 and COO rejected the claim on March 11, 2022.

COMPLAINT FOR DAMAGES

9. Defendant COO Deputy REINHARDT is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

9. Defendant COO Deputy BLACKBURN is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

9. Defendant COO Deputy KALMEN is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

10. 9. Defendant COO Deputy MCELWAIN is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

11. Defendant COO Deputy BILLINGER is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

12. At all relevant times mentioned herein and material hereto, the Defendant DOE Officers described below engaged in law enforcement as Sheriff Deputies, Sergeants, Captains, lieutenants, and/or civilian employees, agents and representatives of Defendant COO, duly employed as Sheriff Deputies by the Orange County Sheriff's Department, who acted in the course and scope of their employment at all times relevant to the acts and omissions herein alleged.

13. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiffs who, therefore, sues said Defendants by such fictitious names.

12. Plaintiffs will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

13. Defendants, and each of them, acted under color of law and did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated established and commonly understood substantive and procedural law.

## FACTS COMMON TO ALL COUNTS

14. VERAMANCINI is 45, and TORRESMARINI is 25 years old.

15. Upon information and belief, on or about August 14 at approximately 10:00 p.m., COO Deputies named above were involved in the investigation and arrest of alleged residential burglary incident located at 1612-1606 Antigua Way, Newport Beach, California.

16. After pursuit of Plaintiffs, VERAMANCINI was arrested by Defendants at 2018 Santiago Drive, Newport Beach, CA 92660 and TORRESMARINI was arrested at 1330 Hampshire Cir. Newport Beach, CA 92660. Prior to and during the arrest of said Plaintiffs, Defendants without any justification, used Canine dogs to seriously bite Plaintiffs causing severe disabling injuries, including inflicting permanent scars and severe lacerations that caused both Plaintiffs to be hospitalized. Said Canine dogs were used intentionally to seriously injure Plaintiffs as a retaliation for their alleged conduct. VERAMANCINI and TORRESMARINI had nerve damage to their body parts and could not move them for a long duration of time. VERAMANCINI underwent two surgeries in his both arms. TORRESMARINI used a walking stick for months as he was seriously injured on his leg.

17. As a result of the excessive force Defendant Deputies applied against Plaintiffs, Plaintiffs suffered extremely excruciating physical pain. In additional to the physical injuries Plaintiffs suffered at the hands of Defendant Deputies, Plaintiffs also suffered severe emotional trauma. Dr. Uzun was admitted UCLA Hospital for chest pain in October of 2019 due to as Defendants' conduct caused severe detrimental health effects due to psychological trauma and stress.

///
///
///
///
///

# FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS - EXCESSIVE FORCE 42 U.S.C. § 1983
**(Against REINHARDT, BLACKBURN, KALMEN, MCELWAIN, BILLINGER and DOES 1 through 50, inclusive)**

18. Plaintiffs incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

19. This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiffs seek to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

20. As a result of the above described intentional acts and omissions of the Defendant Deputies, collectively and individually, Plaintiffs' Fourth Amendment constitutional right to be free from unreasonable searches and seizures, as applied to state actors by the Fourteenth Amendment, were violated when Defendants used excessive force during the course of the arrest as they intentionally used K-9 dogs to cause physical and emotional pain towards Plaintiffs in excess of what was required to detain and secure the custody and control of the Plaintiffs.

21. The conduct of the Defendant Deputies was willful, wanton, malicious, and done with reckless disregard to human life and for the rights and safety of Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages.

22. As a result of the conduct of Defendant Deputies, they are liable for Plaintiffs' injuries, because they were integral participants in the unlawful use of excessive force.

23. At no point did Plaintiffs pose a reasonable threat of violence or danger to the Defendants as Plaintiffs did not have any weapons and did not make any movements to threaten the safety of the Defendant Deputies.

24. Accordingly, Defendant Officers are each liable to Plaintiffs for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiffs also seek litigation costs under this claim.

**SECOND CAUSE OF ACTION**
**NEGLIGENCE-Cal. Govt. Code §§ 815.2(a), 820(a)**
**(Against REINHARDT, BLACKBURN, KALMEN, MCELWAIN, BILLINGER and DOES 1 through 50, inclusive)**

25. Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

26. Plaintiffs are informed and believe and there upon allege that Defendant Deputies, and each of them, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently approaching and arresting Plaintiff with the use of excessive K-9 dog bites, i.e. using excessive and unreasonable physical force upon the person of Plaintiffs, when the same was unnecessary and unjustified, negligently failing to determine that at specified period right before getting further injured, Plaintiffs posed no threat of physical harm to any person when Plaintiffs were assaulted and battered, negligently attacking Plaintiffs as described, negligently failing to intercede when fellow Defendant Deputies violated Plaintiffs' constitutional rights.

27. As a result of these acts, Plaintiffs were placed in great fear of his life and physical well-being. Moreover, due to the negligent acts of each of these Defendant Deputies, Plaintiffs have suffered and will continue to suffer serious pain and severe mental anguish.

28. As a proximate result of the above-mentioned conduct of Defendant Deputies, and each of them, Plaintiffs have been required to employ and did employ physicians and surgeons to examine, treat, and care for them, and incurred other incidental medical expenses in an amount according to proof at trial.

### THIRD CAUSE OF ACTION
### ASSAULT AND BATTERY
### (Against REINHARDT, BLACKBURN, KALMEN, MCELWAIN, BILLINGER and DOES 1 through 50, inclusive)

29. Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

30. On or about August 14-15, 2021 between 10:00 pm to 4:00 am, Defendant Deputies, acting individually and in concert with other law enforcement agents, assaulted and battered Plaintiffs through use of Canine Mac with acts included, but were not limited to: intentionally directing and letting Canine Mac to bite and seriously injure Plaintiffs when Plaintiffs no longer posed any threat or danger to Defendants.

31. In assaulting and battering Plaintiff as described herein, Defendant Deputies proximately caused severe and permanent injuries to Plaintiffs. Both Defendants have permanent scars on multiple parts of their bodies as well, which also caused and continuing to cause emotional pain and suffering.

32. Both prior to and during the time in which he was assaulted and battered, Plaintiffs were not armed with any kind of weapon and posed no reasonable threat of violence to the Defendants, nor to any other individual. When Plaintiffs were attacked, as described herein, Plaintiffs made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that he had the will or ability to inflict substantial bodily harm against any individual.

33. As a result of the above alleged conduct, Plaintiffs suffered serious bodily harm including, but not limited to, severe lacerations, cuts and permanent scars to their bodies.

34. As a result of these acts, Plaintiffs were placed in great fear of their lives and physical well-being. Moreover, due to the wrongful, intentional, and malicious acts of the Defendant Deputies, Plaintiffs have suffered and will continue to suffer extreme pain and severe mental anguish.

35. As a proximate result of the aforementioned conduct of Defendant Deputies, and each of them, Plaintiff has been required to employ and did employ physicians to examine, treat and care for him, and incurred other incidental medical expenses in an amount according to proof at trial.

36. The aforementioned acts and omissions alleged herein were intended by each Defendant Deputy to cause injury to Plaintiffs, and were done with a conscious disregard for the rights and safety of Plaintiffs, as the acts and omissions were willful, wanton, malicious and oppressive, thereby justifying the awarding of compensatory and punitive damages against each of the individual Defendants in an amount to be determined according to proof at trial.

# FOURTH CAUSE OF ACTION
# VIOLATION OF THE BANE ACT
# Cal. Civil Code §§ 52 and 52.1
# (Against REINHARDT, BLACKBURN, KALMEN, MCELWAIN, BILLINGER and DOES 1 through 50, inclusive)

37. Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

38. As alleged herein, Defendants interfered with Plaintiffs' rights under state and federal laws and under the state and federal constitution including, without limitation, the right to be free from unreasonable search and seizure, the right to due process, and the right to bodily integrity, including his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

39. The Eighth Amendment to the United States Constitution and Article I of the California Constitution guarantee the right of persons to be free from cruel and unusual punishment. Defendants, by engaging in deliberate indifference to Plaintiffs' right to be free from unreasonable search and seizure interfered with Plaintiffs' enjoyment of their rights under federal and California law, thus giving rise to claims for damages pursuant to California Civil Code § 52.1.

40. As a result of their conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

41. As a direct and proximate result of the aforementioned wrongful acts of Defendants, individually and as peace officers, Plaintiffs sustained and incurred damages for physical injuries, emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

42. The conduct of Defendant Deputies, individually and as peace officers, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages.

43. Plaintiff seeks statutory damages under California Civil Code §52, as well as compensatory and punitive damages according to proof.

### FIFTH CAUSE OF ACTION
### (*Monell* Claim under 42 U.S.C. Section § 1983) Against COO

44. Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

45. Plaintiffs are informed and believes, and on the basis of such information and belief alleges, that Defendant COO and its decision makers, with deliberate indifference gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights

of the Plaintiffs, and persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs of usage of, among other things,

a) Subjecting people to unreasonable uses of force against their persons;

b) Selecting, retaining, and assigning employees with demonstrable propensities for excessive force, violence, and other misconduct;

c) Failing to adequately train, supervise, and control employees in how to handle domestic violence issues;

d) Failing to adequately discipline officers involved in misconduct; and

e) Condoning and encouraging officers in the belief that they can violate rights of persons such as plaintiff with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

46. Based upon the principles set forth in <u>Monell v. New York City Department of Social Services</u> (1978) 436 U.S. 658, Defendants COO and Orange County Sheriff's Department are liable for all of the injuries sustained by Plaintiffs as set forth herein. Moreover, Defendant COO's policies, practices, and/or customs were a direct legal cause of Plaintiffs' damages.

47. Plaintiffs are informed and believe, and on the basis of such information and belief alleges, that Defendant COO and its decision makers ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting the other defendants herein to engage in the unlawful and unconstitutional actions, policies, and practices, and customs or usages set forth in the foregoing paragraphs. Defendant COO's conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by it or its

deliberate indifference, gross negligence, or reckless disregard to the safety, security, and rights of Plaintiffs.

48. As a result of the aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices, DEFENDANT DEPUTIES, as more specifically alleged above, assaulted and battered Plaintiffs.

49. As a direct and proximate result of the aforementioned acts of DEFENDANT COO and the practices, policies, customs and procedures alleged, Plaintiffs suffered the injuries and damages alleged.

## PRAYER

WHEREFORE, PLAINTIFF requests entry of judgment in his favor and against Defendants as follows:

1. For compensatory (or general) damages, including pain and suffering, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;
2. For special damages, according to proof;
3. For punitive damages as provided by federal and state law, in an amount to be proved against each individual Defendant;
4. For prejudgment interest;
5. For attorney's fees, pursuant to 42 U.S.C. § 1983 & 1988 & California Civil Code § 52.1 (h);
6. For reasonable costs of this suit incurred herein;
7. For such other and further relief as the Court may deem just, proper and appropriate.

| | |
|---|---|
| Dated: August 11, 2022 | THE AGOPOGLU LAW CORP., PLC |

                                                                                                *s/ Berc Agopoglu*

By:_____
    Berc Agopoglu
    Attorney for Plaintiffs
    JUAN DAVID VERAMANCINI and
    RODRIGO TORRESMARINI