Berc Agopoglu, Esq. (SBN: 201562)
  berc@agopoglulawfirm.com
Eunyoung Oh, Esq. (SBN: 333833)
  eyoung@agopoglulawfirm.com
**THE AGOPOGLU LAW CORP., PLC**
1901 Avenue of the Stars, Suite 1900
Los Angeles, California 90067
(310) 461-1438 Telephone
(310) 461-1450 Facsimile

Attorneys for Plaintiffs, JUAN DAVID VERAMANCINI and RODRIGO TORRESMARINI

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| JUAN DAVID VERAMANCINI, an individual; RODRIGO TORRESMARINI, an individual<br><br>Plaintiffs,<br>vs.<br><br>COUNTY OF ORANGE, a Government Entity; DEPUTY K. REINHARDT; DEPUTY B. BLACKBURN; DEPUTY S. KALMEN, DEPUTY M. MCELWAIN; DEPUTY B. BILLINGER and DOES 1 through 50 inclusive,<br><br>Defendants. | **Case No.: 8:22-CV-01501 FWS (JDEX)**<br><br>The Honorable Fred W. Slaughter Presiding<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES FOR<br><br>1. Violation of Civil Rights--Fourth Amendment (42 USC § 1983)<br><br>2. Assault and Battery<br><br>3. Negligence<br><br>4. Violation of the Bane Act |

INTRODUCTION

1. This case challenges the abuse of discretion, excessive force, and coercive acts that deprived the Plaintiffs, JUAN DAVID VERAMANCINI ("VERAMANCINI") and RODRIGO

TORRESMARINI ("TORRESMARINI"), of their federal and state rights. During Plaintiffs' arrests, Defendants COUNTY OF ORANGE ("COO"), DEPUTY K. REINHARDT ("REINHARDT"), DEPUTY B. BLACKBURN ("BLACKBURN"), DEPUTY S. KALMEN ("KALMEN"), DEPUTY M. MCELWAIN ("MCELWAIN"), DEPUTY B. BILLINGER ("BILLINGER"), without any respect for human life, brutally caused K-9 Dogs to bite and thereafter result severe disabling injuries, including inflicting permanent scars and severe lacerations against the Plaintiffs. Defendants had to undergo months of therapy, rehabilitation and recovery process. This civil action seeks to redress violations of Plaintiffs' rights under the Constitution and laws of the United States and State of California for Defendants' conduct under color of state law in which excessive force was used, causing substantial and permanent injuries to the Plaintiff.

2.     This action is brought pursuant to 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 1988 and the Fourth and 14th Amendments to the United States Constitution. Plaintiffs also invoke this court's supplemental jurisdiction to assert the state law claims of assault and battery.

3.     This court has jurisdiction pursuant to 28 U.S.C.A. § 1331 and 42 U.S.C.A. § 1343, since these claims arise under the Constitution and laws of the United States and since Defendants acted under color of state law.

4.     Plaintiffs, complain Defendants and DOES 1 through 50, inclusive, as follows:

<u>VENUE AND JURISDICTION</u>

5.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and arises under 42 U.S.C. §§ 1983 and 1988.  State law claims for relief are within this Court's

FIRST AMENDED COMPLAINT FOR DAMAGES

supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this Court because the unlawful acts and practices alleged herein occurred in the County of Orange, California, which is within this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

6. At all relevant times herein, Plaintiff VERAMANCINI was and is a resident of the State of California in the County of Los Angeles.

7. At all relevant times herein, Plaintiff TORRESMARINI was and is a resident of the State of California in the County of Los Angeles.

8. Defendant COO is, and at all times in this complaint was, an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned Defendant COO possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Orange County Sheriff's Department ("OCSD") and its tactics, methods, practices, customs and usages. VERAMANCINI filed a government claim against COO on December 28, 2021 and COO rejected the claim on May 17, 2022. TORRESMARINI filed a government claim against COO on December 28, 2021 and COO rejected the claim on March 11, 2022.

9. Defendant COO Deputy REINHARDT is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

10. Defendant COO Deputy BLACKBURN is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

11. Defendant COO Deputy KALMEN is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

12. Defendant COO Deputy MCELWAIN is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

13. Defendant COO Deputy BILLINGER is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

14. At all relevant times mentioned herein and material hereto, the Defendant DOE Officers described below engaged in law enforcement as Sheriff Deputies, Sergeants, Captains, lieutenants, and/or civilian employees, agents and representatives of Defendant COO, duly employed as Sheriff Deputies by the Orange County Sheriff's Department, who acted in the

course and scope of their employment at all times relevant to the acts and omissions herein alleged.

15. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiffs who, therefore, sues said Defendants by such fictitious names.

16. Plaintiffs will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

17. Defendants, and each of them, acted under color of law and did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated established and commonly understood substantive and procedural law.

## FACTS COMMON TO ALL COUNTS

18. VERAMANCINI is 45, and TORRESMARINI is 25 years old.

19. Upon information and belief, on or about August 14 at approximately 10:00 p.m., COO Deputies named above were involved in the investigation and arrest of alleged residential burglary incident located at 1612-1606 Antigua Way, Newport Beach, California.

20. Prior to the arrest of Plaintiffs, Deputy BILLINGER and Deputy REINHARDT were in a black and white patrol vehicle and wearing a Sheriff's green patrol vest with Sheriff's logo, patches and badge. Defendant COO's Sheriff's helicopter "Duke" was conducting surveillance of a vehicle ("Mazda SUV") Plaintiffs were allegedly using for the alleged burglary incident.

21. After the alleged burglary incidents, Plaintiff's allegedly drove away with the Mazda SUV and Deputy BILLINGER drove his patrol vehicle towards the allegedly fleeing vehicle in an attempt to allegedly block Plaintiffs' path. Deputy BILLINGER in reality used an official patrol vehicle to directly hit the Plaintiffs on said Antigua Way, Newport Beach, California, by accelerating his vehicle into Plaintiff's vehicle from opposite direction.

22. Plaintiffs managed to avoid the hit by making a turn away from Deputy BILLINGER's vehicle. Plaintiffs reasonably thought that Deputy BILLINGER and Deputy REINHARDT along with coordination of remaining Defendants were going to seriously injure or kill Plaintiffs. Plaintiffs tried to avoid this in the safest way.

23. Defendants and COO wrongfully alleged that Plaintiffs assaulted said Defendants with their Mazda SUV. All Defendants coordinated and planned a cover-up of their assault by alleging Plaintiffs' assaulted them.

24. Based on this cover-up, The District Attorney of COO filed California Penal Code Section 245 ("Assault with deadly weapon") charges, but after review of the video, realized that the charge was totally unfounded and it was dropped as it was the Deputy BILLINGER who drove his vehicle towards the Plaintiffs with the intention to hit Plaintiffs and cause severe bodily harm.

25. Thereafter, after pursuit of Plaintiffs, VERAMANCINI was arrested by Defendants at 2018 Santiago Drive, Newport Beach, CA 92660 and TORRESMARINI was arrested at 1330 Hampshire Cir. Newport Beach, CA 92660.  Prior to and during the arrest of said Plaintiffs, Defendants without any justification, used Canine dogs to seriously bite Plaintiffs causing severe disabling injuries, including inflicting permanent scars and severe lacerations that caused both Plaintiffs to be hospitalized.  Said Canine dogs were used intentionally to seriously injure Plaintiffs as a retaliation for their alleged conduct.  VERAMANCINI and TORRESMARINI had nerve damage to their body parts and could not move them for a long duration of time.  VERAMANCINI underwent two surgeries in his both arms.  TORRESMARINI used a walking stick for months as he was seriously injured on his leg.

26. Specifically, Deputy KALMEN, Deputy BLACKBURN, and Deputy REINHARDT after placing Plaintiff TORRESMARINI's hands behind his back, coordinated and instructed their Canine dog to bite Plaintiff TORRESMARINI.  At that point, Plaintiff TORRESMARINI was absolutely contained and had no threat of any physical harm to anyone since he was placed into handcuffs.

27. Plaintiff VERAMANCINI was also arrested with the assistance of Deputy MCELWAIN and coordination with other remaining Defendants.  When Plaintiff VERAMANCINI was caught, and restrained by the canine dog of COO Sheriff's Department, said Defendants allowed the canine dog to continue biting and causing more injuries towards the Plaintiff.  Defendants waited excessively long amount of time to release the canine dog from continuing to bite Plaintiff VERAMANCINI.

28. As a result of the excessive force Defendant Deputies applied against Plaintiffs, Plaintiffs suffered extremely excruciating physical pain. In additional to the physical injuries Plaintiffs suffered at the hands of Defendant Deputies, Plaintiffs also suffered severe emotional trauma. Said excessive force occurred when the Plaintiffs were not resisting arrest and restrained.

**FIRST CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS - EXCESSIVE FORCE 42 U.S.C. § 1983**
**(Against REINHARDT, BLACKBURN, KALMEN, MCELWAIN, BILLINGER and DOES 1 through 50, inclusive)**

29. Plaintiffs incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

30. This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiffs seek to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

31. As a result of the above described intentional acts and omissions of the Defendant Deputies, collectively and individually, Plaintiffs' Fourth Amendment constitutional right to be free from unreasonable searches and seizures, as applied to state actors by the Fourteenth Amendment, were violated when Defendants used excessive force during the course of the arrest as they intentionally used K-9 dogs to cause physical and emotional pain towards Plaintiffs as described above, in excess of what was required to detain and secure the custody and control of the Plaintiffs.

FIRST AMENDED COMPLAINT FOR DAMAGES

32. The conduct of the Defendant Deputies was willful, wanton, malicious, and done with reckless disregard to human life and for the rights and safety of Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages.

33. As a result of the conduct of Defendant Deputies, they are liable for Plaintiffs' injuries, because they were integral and malicious participants in the unlawful use of excessive force.

34. At no point during the excessive force events Plaintiffs pose a reasonable threat of violence or danger to the Defendants as Plaintiffs did not have any weapons and did not make any movements to threaten the safety of the Defendant Deputies.

35. Accordingly, Defendant Officers are each liable to Plaintiffs for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiffs also seek litigation costs under this claim.

**SECOND CAUSE OF ACTION**
**NEGLIGENCE-Cal. Govt. Code §§ 815.2(a), 820(a)**
**(Against REINHARDT, BLACKBURN, KALMEN, MCELWAIN, BILLINGER and DOES 1 through 50, inclusive)**

36. Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

37. Plaintiffs are informed and believe and there upon allege that Defendant Deputies, and each of them, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently approaching and arresting Plaintiff with the use of excessive K-9 dog bites, i.e. using excessive and

unreasonable physical force upon the person of Plaintiffs, when the same was unnecessary and unjustified, negligently failing to determine that at specified period right before getting further injured, Plaintiffs posed no threat of physical harm to any person when Plaintiffs were assaulted and battered, negligently attacking Plaintiffs as described, negligently failing to intercede when fellow Defendant Deputies violated Plaintiffs' constitutional rights.

38. As a result of these acts, Plaintiffs were placed in great fear of his life and physical well-being. Moreover, due to the negligent acts of each of these Defendant Deputies, Plaintiffs have suffered and will continue to suffer serious pain and severe mental anguish.

39. As a proximate result of the above-mentioned conduct of Defendant Deputies, and each of them, Plaintiffs have been required to employ and did employ physicians and surgeons to examine, treat, and care for them, and incurred other incidental medical expenses in an amount according to proof at trial.

### THIRD CAUSE OF ACTION
### ASSAULT AND BATTERY
**(Against REINHARDT, BLACKBURN, KALMEN, MCELWAIN, BILLINGER and DOES 1 through 50, inclusive)**

40. Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

41. On or about August 14-15, 2021 between 10:00 pm to 4:00 am, Defendant Deputies, acting individually and in concert with other law enforcement agents, assaulted and battered Plaintiffs through use of Canine Mac with acts included, but were not limited to: intentionally

FIRST AMENDED COMPLAINT FOR DAMAGES

directing and letting Canine Mac to bite and seriously injure Plaintiffs when Plaintiffs no longer posed any threat or danger to Defendants.

42. In assaulting and battering Plaintiff as described herein, Defendant Deputies proximately caused severe and permanent injuries to Plaintiffs. Both Defendants have permanent scars on multiple parts of their bodies as well, which also caused and continuing to cause emotional pain and suffering.

43. Both prior to and during the time in which he was assaulted and battered, Plaintiffs were not armed with any kind of weapon and posed no reasonable threat of violence to the Defendants, nor to any other individual. When Plaintiffs were attacked, as described herein, Plaintiffs made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that he had the will or ability to inflict substantial bodily harm against any individual.

44. As a result of the above alleged conduct, Plaintiffs suffered serious bodily harm including, but not limited to, severe lacerations, cuts and permanent scars to their bodies.

45. As a result of these acts, Plaintiffs were placed in great fear of their lives and physical well-being. Moreover, due to the wrongful, intentional, and malicious acts of the Defendant Deputies, Plaintiffs have suffered and will continue to suffer extreme pain and severe mental anguish.

FIRST AMENDED COMPLAINT FOR DAMAGES

46. As a proximate result of the aforementioned conduct of Defendant Deputies, and each of them, Plaintiff has been required to employ and did employ physicians to examine, treat and care for him, and incurred other incidental medical expenses in an amount according to proof at trial.

47. The aforementioned acts and omissions alleged herein were intended by each Defendant Deputy to cause injury to Plaintiffs, and were done with a conscious disregard for the rights and safety of Plaintiffs, as the acts and omissions were willful, wanton, malicious and oppressive, thereby justifying the awarding of compensatory and punitive damages against each of the individual Defendants in an amount to be determined according to proof at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE BANE ACT**
**Cal. Civil Code §§ 52 and 52.1**
**(Against REINHARDT, BLACKBURN, KALMEN, MCELWAIN, BILLINGER and DOES 1 through 50, inclusive)**

48. Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

49. As alleged herein, Defendants interfered with Plaintiffs' rights under state and federal laws and under the state and federal constitution including, without limitation, the right to be free from unreasonable search and seizure, the right to due process, and the right to bodily integrity, including his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

50. The Eighth Amendment to the United States Constitution and Article I of the California Constitution guarantee the right of persons to be free from cruel and unusual punishment. Defendants, by engaging in deliberate indifference to Plaintiffs' right to be free from unreasonable search and seizure interfered with Plaintiffs' enjoyment of their rights under federal and California law, thus giving rise to claims for damages pursuant to California Civil Code § 52.1.

51. As a result of their conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

52. As a direct and proximate result of the aforementioned wrongful acts of Defendants, individually and as peace officers, Plaintiffs sustained and incurred damages for physical injuries, emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

53. The conduct of Defendant Deputies, individually and as peace officers, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages.

54. Plaintiff seeks statutory damages under California Civil Code §52, as well as compensatory and punitive damages according to proof.

## PRAYER

WHEREFORE, PLAINTIFF requests entry of judgment in his favor and against Defendants as follows:

1. For compensatory (or general) damages, including pain and suffering, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;
2. For special damages, according to proof;
3. For punitive damages as provided by federal and state law, in an amount to be proved against each individual Defendant;
4. For prejudgment interest;
5. For attorney's fees, pursuant to 42 U.S.C. § 1983 & 1988 & California Civil Code § 52.1 (h);
6. For reasonable costs of this suit incurred herein;
7. For such other and further relief as the Court may deem just, proper and appropriate.

Dated: October 11, 2022                    THE AGOPOGLU LAW CORP., PLC

                                                                    s/Berc Agopoglu

By:_____
Berc Agopoglu
Attorney for Plaintiffs
JUAN DAVID VERAMANCINI and
RODRIGO TORRESMARINI