Berc Agopoglu, Esq. (SBN: 201562)
  berc@agopoglulawfirm.com
Eunyoung Oh, Esq. (SBN: 333833)
  eyoung@agopoglulawfirm.com
**THE AGOPOGLU LAW CORP., PLC**
1901 Avenue of the Stars, Suite 1900
Los Angeles, California 90067
(310) 461-1438 Telephone
(310) 461-1450 Facsimile

Attorneys for Plaintiffs, JUAN DAVID VERAMANCINI and RODRIGO TORRESMARINI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JUAN DAVID VERAMANCINI, an individual; RODRIGO TORRESMARINI, an individual<br><br>　　　　Plaintiffs,<br>　　vs.<br><br>COUNTY OF ORANGE, a Government Entity; CITY OF COSTA MESA, a Government Entity; DEPUTY K. REINHARDT; DEPUTY B. BLACKBURN; DEPUTY S. KALMEN, DEPUTY M. MCELWAIN; DEPUTY B. BILLINGER; OFFICER MCMORRIS and DOES 1 through 50 inclusive,<br><br>　　　　Defendants. | **Case No.: 8:22-CV-01501 FWS (JDEX)**<br><br>The Honorable Fred W. Slaughter Presiding<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES FOR<br><br>1. Violation of Civil Rights--Fourth Amendment (42 USC § 1983)<br><br>2. Assault and Battery<br><br>3. Negligence<br><br>4. Violation of the Bane Act |

## INTRODUCTION

1.　This case arises from the deliberate and egregious acts of excessive force and coordinated misconduct by law enforcement officers employed by the COUNTY OF ORANGE ("COO") and

the CITY OF COSTA MESA ("COSTA MESA"). Plaintiffs JUAN DAVID VERAMANCINI ("VERAMANCINI") and RODRIGO TORRESMARINI ("TORRESMARINI") were subjected to brutal, unprovoked, and oppressive violence during their arrests on August 14, 2021, resulting in severe physical and emotional injuries. The excessive force claims do not challenge the validity of the underlying convictions but rather focus on the excessive and brutal actions taken by the defendants after the plaintiffs were subdued and no longer posing any threat. The Defendants acted with malice, fraud, and oppression, with the intent to cause harm, and in reckless disregard for Plaintiffs' rights, warranting an award of punitive damages.

2.     Defendants, under color of state law, deprived Plaintiffs, VERAMANCINI TORRESMARINI, of their fundamental rights secured by the United States Constitution and the laws of the State of California.  During the course of Plaintiffs' arrests, Defendants COO, COSTA MESA, DEPUTY K. REINHARDT, DEPUTY B. BLACKBURN, DEPUTY S. KALMEN, DEPUTY M. MCELWAIN, DEPUTY B. BILLINGER, and OFFICER MCMORRIS acting with deliberate indifference to human life and safety, deployed K-9 units with excessive and unreasonable force, causing Plaintiffs to suffer severe and permanent injuries, including but not limited to, deep lacerations, permanent scarring, and lasting physical and emotional trauma.

3.     As a direct and proximate result of Defendants' unlawful actions, Plaintiffs were forced to endure extensive medical treatment, including months of therapy, rehabilitation, and a protracted recovery process.

4.     Plaintiffs bring this civil action seeking redress for the flagrant violations of their constitutional rights, including, but not limited to, the Fourth Amendment's prohibition against unreasonable seizures and excessive force, and analogous protections afforded under state law. Plaintiffs further seek compensatory and punitive damages to hold Defendants accountable for their reprehensible conduct and to deter such abuses of power in the future.

5.   This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs also invoke this Court's supplemental jurisdiction to assert state law claims of assault and battery, negligence, violation of the Bane Act, and punitive damages under California law.

6.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1343, arising under 42 U.S.C. §§ 1983 and 1988. State law claims are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this Court because the unlawful acts and practices alleged herein occurred in the County of Orange, California, which is within this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

7.   At all relevant times, Plaintiff VERAMANCINI was and is a resident of the State of California in the County of Los Angeles.

8.   At all relevant times, Plaintiff TORRESMARINI was and is a resident of the State of California in the County of Los Angeles.

9.   At all relevant times, Defendant COO is, and at all times in this complaint was, an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned Defendant COO possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Orange County Sheriff's Department ("OCSD") and its tactics, methods, practices, customs and usages.

10.   At all relevant times, COSTA MESA is, and at all times in this complaint was a public entity duly authorized under the laws of the State of California. COSTA MESA had the power and authority to adopt policies and prescribe rules, regulations and practices affecting the

Page 3

SECOND AMENDED COMPLAINT FOR DAMAGES

operation of the COSTA MESA Police Department ("CMPD") and its tactics, methods, practices, customs and usages.

11. Defendant COO Deputy K. REINHARDT is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

12. Defendant COO Deputy BLACKBURN is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

13. Defendant COO Deputy KALMEN is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

14. Defendant COO Deputy MCELWAIN is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

15. Defendant COO Deputy BILLINGER is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

16. Defendant COSTA MESA Officer MC MORRIS is, and at all times in this complaint was, an individual employed by COSTA MESA and/or its subsidiaries as an Officer, acting

within the course and scope of his employment and also within his actual and apparent authority as an Officer of a public entity, COSTA MESA.

17. At all relevant times mentioned herein and material hereto, the Defendant DOE Officers described below engaged in law enforcement as Sheriff Deputies, Sergeants, Captains, lieutenants, and/or civilian employees, agents and representatives of Defendants COO and COSTA MESA, duly employed as Sheriff Deputies by the Orange County Sheriff's Department, or Officers of COSTA MESA Police Department who acted in the course and scope of their employment at all times relevant to the acts and omissions herein alleged.

18. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiffs who, therefore, sues said Defendants by such fictitious names.

19. Plaintiffs will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

20. Defendants, and each of them, acted under color of law and did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated established and commonly understood substantive and procedural law.

## VENUE AND JURISDICTION

21. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and arises under 42 U.S.C. §§ 1983 and 1988. State law claims for relief are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this Court because

SECOND AMENDED COMPLAINT FOR DAMAGES

the unlawful acts and practices alleged herein occurred in the County of Orange, California, which is within this judicial district pursuant to 28 U.S.C. § 1391.

FACTS COMMON TO ALL COUNTS

22. On or about August 14, 2021, at approximately 10:00 PM, COO Deputies and COSTA MESA Police Officers, including the individually named Defendants, were involved in the investigation and arrest of the Plaintiffs for an alleged residential burglary at 1612-1606 Antigua Way, Newport Beach, California.

23. Coordination and Malicious Intent: The arrest of Plaintiffs was the result of premeditated and malicious coordination between COO and COSTA MESA. Defendants were in direct communication, sharing information and planning how to execute the arrest with the intent to cause maximum harm to the Plaintiff. Specifically, COSTA MESA's K-9 unit, led by Officer MCMORRIS, was deployed with explicit instructions to attack and incapacitate the Plaintiff VERAMANCINI, regardless of the lack of resistance or threat posed by him. Also, REINHARDT, as the supervising officer, directed the overall operation with explicit intent to inflict pain and suffering. He ordered the deployment of the K-9 unit, knowing it would result in excessive and unnecessary force to TORRESMARINI. REINHARDT's failure to intervene and stop the attack, despite having the authority to do so, demonstrates his malicious intent and reckless disregard for human life.

24. Incident involving VERAMANCINI: After fleeing the scene in fear for his life, Plaintiff VERAMANCINI was apprehended at 2018 Santiago Drive, Newport Beach, CA. Upon being restrained by COO and COSTA MESA officers, VERAMANCINI was subjected to a prolonged and vicious K-9 attack by COSTA MESA's police dog, under the direct orders of Officer MCMORRIS. This attack was not a reflexive action but rather a deliberate and calculated effort to inflict severe pain and injury. Despite being fully subdued, handcuffed, and posing no physical

threat, VERAMANCINI was savagely bitten multiple times. The officers, including MCMORRIS, took pleasure in the harm being inflicted, as evidenced by their refusal to call off the dog despite VERAMANCINI's cries for mercy and obvious signs of severe injury. This behavior was not only malicious but also demonstrated a depraved indifference to human life.

25. Incident involving TORRESMARINI: Plaintiff TORRESMARINI, after hiding in a fire pit out of fear, was forcibly removed by Deputies BLACKBURN and KALMEN at 1330 Hampshire Circle, Newport Beach, CA. Both deputies knew that TORRESMARINI was unarmed and posed no threat, yet they permitted the K-9 unit, Canine Mac, to viciously attack him. The dog, under the direction of Deputy REINHARDT, was allowed to continue its assault even after TORRESMARINI was subdued and posed no danger. The officers acted with malice, as they watched and allowed the dog to tear into TORRESMARINI's flesh, causing deep lacerations, nerve damage, and permanent scars. The attack was prolonged intentionally, with the officers deriving sadistic pleasure from the agony they caused.

26. Actions of Individual Defendants: REINHARDT, as the supervising officer, directed the overall operation with explicit intent to inflict pain and suffering. He ordered the deployment of the K-9 unit, knowing it would result in excessive and unnecessary force. REINHARDT's failure to intervene and stop the attack, despite having the authority to do so, demonstrates his malicious intent and reckless disregard for human life.

27. BLACKBURN, with full knowledge of TORRESMARINI's defenseless state, physically removed him from the fire pit and allowed the K-9 to continue biting him. BLACKBURN's actions were driven by a malicious intent to punish and cause suffering, far beyond any legitimate law enforcement need.

28. KALMEN assisted in the physical removal of TORRESMARINI and, like BLACKBURN, allowed the excessive force to continue unabated. KALMEN's conduct was

motivated by a desire to see TORRESMARINI suffer, evidenced by his failure to stop the attack even when it was clear that TORRESMARINI was defenseless.

29. MCELWAIN was actively involved in the search operation and knowingly allowed his colleagues to use excessive force. His inaction and tacit approval of the brutality inflicted on the Plaintiffs were driven by malice and a reckless disregard for their well-being.

30. BILLINGER was responsible for securing the scene and intentionally failed to intervene as the violence escalated. His failure to act, despite witnessing the unnecessary and brutal use of force, demonstrates his malicious intent to allow the Plaintiffs to suffer.

31. MCMORRIS, the handler of the K-9 unit, deployed the dog with the specific intent to cause harm. His refusal to call off the dog, despite VERAMANCINI being subdued, shows a calculated and malicious desire to inflict pain. MCMORRIS acted with oppression, as he derived satisfaction from the suffering he caused, evidenced by his demeanor and refusal to provide medical aid immediately after the attack.

32. Plaintiffs' Lack of Physical Resistance: Plaintiffs VERAMANCINI and TORRESMARINI did not engage in any physical resistance or altercation with the Defendants. Their alleged "resistance" was limited to hiding and fleeing, motivated by fear for their lives. At no point did they pose a physical threat to the officers. The Defendants' use of excessive force was not only unjustified but also maliciously intended to inflict maximum pain and suffering on the Plaintiffs. Prior to the arrest of Plaintiffs, Deputy BILLINGER and Deputy REINHARDT were in a black and white patrol vehicle and wearing a Sheriff's green patrol vest with Sheriff's logo, patches and badge.  Defendant COO's Sheriff's helicopter "Duke" was conducting surveillance of a vehicle ("Mazda SUV") Plaintiffs were allegedly using for the alleged burglary incident.

33. After the burglary incidents, Plaintiffs drove away with the Mazda SUV and Deputy BILLINGER drove his patrol vehicle towards the allegedly fleeing vehicle in an attempt to

allegedly block Plaintiffs' path. Deputy BILLINGER in reality used an official patrol vehicle to directly hit the Plaintiffs on said Antigua Way, Newport Beach, California, by accelerating his vehicle into Plaintiff's vehicle from opposite direction.

34. Plaintiffs managed to avoid the hit by making a turn away from Deputy BILLINGER's vehicle. Plaintiffs reasonably thought that Deputy BILLINGER and Deputy REINHARDT along with coordination of remaining Defendants were going to seriously injure or kill Plaintiffs. Plaintiffs tried to avoid this in the safest way.

35. Defendants and COO wrongfully alleged that Plaintiffs assaulted said Defendants with their Mazda SUV. All Defendants coordinated and planned a cover-up of their assault by alleging Plaintiffs' assaulted them.

36. Based on this cover-up, The District Attorney of COO filed California Penal Code Section 245 ("Assault with deadly weapon") charges, but after review of the video, realized that the charge was totally unfounded and it was dropped as it was the Deputy BILLINGER who drove his vehicle towards the Plaintiffs with the intention to hit Plaintiffs and cause severe bodily harm.

37. Thereafter, after pursuit of Plaintiffs, VERAMANCINI was arrested by Defendants at 2018 Santiago Drive, Newport Beach, CA 92660 and TORRESMARINI was arrested at 1330 Hampshire Cir. Newport Beach, CA 92660. Prior to and during the arrest of said Plaintiffs, Defendants without any justification, used Canine dogs to seriously bite Plaintiffs causing severe disabling injuries, including inflicting permanent scars and severe lacerations that caused both Plaintiffs to be hospitalized. Said Canine dogs were used intentionally to seriously injure Plaintiffs as a retaliation for their alleged conduct. VERAMANCINI and TORRESMARINI had nerve damage to their body parts and could not move them for a long duration of time. VERAMANCINI underwent two surgeries in his both arms. TORRESMARINI used a walking stick for months as he was seriously injured on his leg.

38. Claim Against County of Orange: On December 28, 2021, Plaintiffs VERAMANCINI and TORRESMARINI filed government claims against COO. These claims were denied, on May 17, 2022 and March 11, 2022, respectively.

39. Claim Against City of COSTA MESA: On January 5, 2023, Plaintiff VERAMANCINI filed a government claim against the City of COSTA MESA for the injuries inflicted by the COSTA MESA Police Department's K-9 unit. This claim was also not denied or rejected, preserving Plaintiff's right to include COSTA MESA and its officers in this action.

40. The incidents occurred on August 14 and August 15, 2021. Pursuant to California Government Code section 945.3, the deadlines for filing the government claims and the lawsuit were tolled due to Plaintiffs' criminal cases and current state prison terms. Additionally, the case was subject to a stay from November 18, 2022, until August 8, 2024, further tolling the statute of limitations. The second amended complaint is being stipulated to be filed on August 26, 2024, within the tolled deadline.

41. The actions of each Defendant were carried out with joint approval and coordination, with each officer contributing to the excessive force used. The K-9 attacks on both Plaintiffs were neither isolated nor independent incidents but rather the result of a coordinated effort to inflict harm, overseen by the named Deputies and Officers. The malicious intent of each officer is evidenced by their coordination and communication before, during, and after the events, showing a clear conspiracy to oppress and harm the Plaintiffs.

42. Malice: The Defendants acted with a conscious disregard for the rights and safety of the Plaintiffs, intending to cause them harm. This is evidenced by the prolonged and excessive use of force, including the deployment of K-9 units to attack the Plaintiffs even after they were subdued, handcuffed, and posed no threat. The actions of the Defendants, particularly their refusal to call off the K-9 units and their sadistic pleasure in the Plaintiffs' suffering, demonstrate a clear intent to cause injury.

SECOND AMENDED COMPLAINT FOR DAMAGES

43. Oppression: The Defendants' actions were oppressive, as they subjected the Plaintiffs to cruel and unjust hardship with a deliberate indifference to their rights. The coordination and planning of the excessive force, the refusal to provide immediate medical aid, and the infliction of severe pain and injury without any justification, all demonstrate a calculated effort to oppress and harm the Plaintiffs.

44. Fraud: The Defendants engaged in fraudulent conduct by misleading the Plaintiffs into believing that they were being lawfully apprehended, only to subject them to unlawful and excessive force. The Defendants acted with the intent to deceive and harm the Plaintiffs, using their authority to carry out acts of brutality under the guise of law enforcement.

45. Legal Basis for Punitive Damages: Under California Civil Code § 3294, punitive damages are warranted where the defendant has been guilty of oppression, fraud, or malice. The Defendants' actions meet this standard, as they acted with a reckless disregard for the Plaintiffs' rights, intending to cause them harm and inflicting severe pain and suffering without any legitimate law enforcement justification.

46. Request for Relief: Plaintiffs seek punitive damages against the individual Defendants to punish them for their malicious, oppressive, and fraudulent conduct, and to deter similar conduct in the future. The imposition of punitive damages is necessary to hold the Defendants accountable for their actions and to send a message that such conduct will not be tolerated.

47. Plaintiffs admit that they attempted to flee and hide upon the arrival of law enforcement officers due to fear and panic. However, this conduct was passive and did not involve any physical confrontation or active resistance against the officers. The alleged resistance involved actions such as hiding in a fire pit (by Plaintiff TORRESMARINI) and fleeing to another location (by Plaintiff VERAMANCINI). There were no attempts to physically resist arrest or assault the officers.

SECOND AMENDED COMPLAINT FOR DAMAGES

48. The claims of excessive force arise solely from the actions taken by the defendants after the plaintiffs were fully subdued, handcuffed, and no longer resisting. The force used by the defendants was excessive and unnecessary, constituting an abuse of power and a violation of the Plaintiffs' constitutional rights.

**FIRST CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS - EXCESSIVE FORCE 42 U.S.C. § 1983**
**(Against REINHARDT, BLACKBURN, KALMEN, MCELWAIN, BILLINGER, MCMORRIS, COO, COSTA MESA and DOES 1 through 50, inclusive)**

49. Plaintiffs incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

50. Defendants REINHARDT, BLACKBURN, KALMEN, MCELWAIN, BILLINGER, and MCMORRIS, acting under color of state law, intentionally used excessive force against Plaintiffs in violation of their Fourth Amendment rights. The deployment of K-9 units, the continuation of the K-9 attacks after Plaintiffs were subdued, and the coordination between COO and COSTA MESA demonstrate a deliberate and malicious use of force far beyond what was necessary for the arrest. Plaintiffs were unarmed, did not physically resist, and only fled and hid, which did not justify the level of force used.

51. COO and COSTA MESA are directly liable for the unconstitutional actions of their employees and officers, as these actions were taken under the policies, customs, or practices of these entities. The unconstitutional use of force was the result of joint coordination between COO and COSTA MESA.

52. Defendants' actions deprived Plaintiffs of their constitutional right to be free from unreasonable searches and seizures. The use of excessive force was not justified by any legitimate law enforcement need and directly resulted in the severe injuries suffered by Plaintiffs.

53. The actions of the individual Defendants were willful, wanton, malicious, and done with a reckless disregard for human life. These actions justify the imposition of punitive damages to deter similar conduct in the future.

54. As a result of the above described intentional acts and omissions of the Defendant Deputies, collectively and individually, Plaintiffs' Fourth Amendment constitutional right to be free from unreasonable searches and seizures, as applied to state actors by the Fourteenth Amendment, were violated when Defendants used excessive force during the course of the arrest as they intentionally used K-9 dogs to cause physical and emotional pain towards Plaintiffs as described above, in excess of what was required to detain and secure the custody and control of the Plaintiffs.

55. As a result of the conduct of Defendants' Deputies and Officer, they are liable for Plaintiffs' injuries, because they were integral and malicious participants in the unlawful use of excessive force.

56. At no point during the excessive force events Plaintiffs pose a reasonable threat of violence or danger to the Defendants as Plaintiffs did not have any weapons and did not make any movements to threaten the safety of the Defendant Deputies.

57. Accordingly, Defendant Officers are each liable to Plaintiffs for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiffs also seek litigation costs under this claim.

**SECOND CAUSE OF ACTION**
**NEGLIGENCE-Cal. Govt. Code §§ 815.2(a), 820(a)**
**(Against REINHARDT, BLACKBURN, KALMEN, MCELWAIN, BILLINGER, MCMORRIS, COO, COSTA MESA and DOES 1 through 50, inclusive)**

58. Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

SECOND AMENDED COMPLAINT FOR DAMAGES

59. Defendants owed a duty of care to Plaintiffs to use only that amount of force necessary to effectuate an arrest and to protect Plaintiffs from unnecessary harm.

60. Defendants breached this duty by using excessive force, including the unnecessary deployment of K-9 units and the continued attacks on Plaintiffs after they were subdued. Defendants failed to properly assess the situation and continued to use force when it was no longer justified. Plaintiffs were unarmed, did not physically resist, and only fled and hid, which did not justify the level of force used. Plaintiffs are informed and believe and there upon allege that Defendant Deputies, and each of them, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently approaching and arresting Plaintiff with the use of excessive K-9 dog bites, i.e. using excessive and unreasonable physical force upon the person of Plaintiffs, when the same was unnecessary and unjustified, negligently failing to determine that at specified period right before getting further injured, Plaintiffs posed no threat of physical harm to any person when Plaintiffs were assaulted and battered, negligently attacking Plaintiffs as described, negligently failing to intercede when fellow Defendant Deputies violated Plaintiffs' constitutional rights.

61. COO and COSTA MESA are directly liable for the negligent actions of their employees and officers, who acted within the course and scope of their employment. The negligence of the individual Defendants was a direct result of the policies, customs, or practices of COO and COSTA MESA. As a result of these acts, Plaintiffs were placed in great fear of his life and physical well-being. Moreover, due to the negligent acts of each of these Defendant Deputies, Plaintiffs have suffered and will continue to suffer serious pain and severe mental anguish.

62. Defendants' breach of duty was the direct and proximate cause of Plaintiffs' injuries, including severe physical pain, permanent disability, emotional distress, and the need for extensive medical treatment. As a proximate result of the above-mentioned conduct of Defendant Deputies, and each of them, Plaintiffs have been required to employ and did employ

SECOND AMENDED COMPLAINT FOR DAMAGES

physicians and surgeons to examine, treat, and care for them, and incurred other incidental medical expenses in an amount according to proof at trial.

63. COO and COSTA MESA are vicariously liable for the negligence of their respective officers, as these actions were taken within the course and scope of their employment.

### THIRD CAUSE OF ACTION
### ASSAULT AND BATTERY
### (Against REINHARDT, BLACKBURN, KALMEN, MCELWAIN, BILLINGER and DOES 1 through 50, inclusive)

64. Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

65. Defendants' actions placed Plaintiffs in reasonable apprehension of imminent harmful contact. The deployment of K-9 units and the aggressive behavior of the officers created a credible and immediate threat to Plaintiffs' safety.

66. Defendants intended to cause Plaintiffs to fear for their safety through their actions, including the deployment of K-9 units and the use of excessive force even after Plaintiffs were subdued and posed no threat. Plaintiffs were unarmed, did not physically resist, and only fled and hid.

67. COO and COSTA MESA are directly liable for the assault committed by their officers and employees. The intentional actions of the individual Defendants were carried out under the policies, customs, or practices of COO and COSTA MESA.

68. Defendants intentionally caused harmful and offensive contact with Plaintiffs through the deployment and use of K-9 units. The bites inflicted by the K-9s resulted in severe physical injuries, including deep lacerations, nerve damage, and permanent scarring.

69. Plaintiffs did not consent to the use of force, and the force used was not justified under the circumstances. Plaintiffs were unarmed, did not physically resist, and only fled and hid.

70. COO and COSTA MESA are directly liable for the battery committed by their officers and employees. The intentional actions of the individual Defendants were carried out under the policies, customs, or practices of COO and COSTA MESA.

71. COO and COSTA MESA are vicariously liable for the actions of their respective officers, who committed these torts within the course and scope of their employment.

72. The actions of the individual Defendants were carried out with malice, fraud, and oppression, justifying the imposition of punitive damages.

73. Specifically, on or about August 14-15, 2021 between 10:00 pm to 4:00 am, Defendant Deputies, acting individually and in concert with other law enforcement agents, assaulted and battered Plaintiffs through use of Canine Mac with acts included, but were not limited to: intentionally directing and letting Canine Mac to bite and seriously injure Plaintiffs when Plaintiffs no longer posed any threat or danger to Defendants.

74. In assaulting and battering Plaintiff as described herein, Defendant Deputies proximately caused severe and permanent injuries to Plaintiffs. Both Defendants have permanent scars on multiple parts of their bodies as well, which also caused and continuing to cause emotional pain and suffering.

75. Both prior to and during the time in which he was assaulted and battered, Plaintiffs were not armed with any kind of weapon and posed no reasonable threat of violence to the Defendants, nor to any other individual. When Plaintiffs were attacked, as described herein, Plaintiffs made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that he had the will or ability to inflict substantial bodily harm against any individual.

76. As a result of the above alleged conduct, Plaintiffs suffered serious bodily harm including, but not limited to, severe lacerations, cuts and permanent scars to their bodies.

77. As a result of these acts, Plaintiffs were placed in great fear of their lives and

physical well-being. Moreover, due to the wrongful, intentional, and malicious acts of the Defendant Deputies, Plaintiffs have suffered and will continue to suffer extreme pain and severe mental anguish.

78. As a proximate result of the aforementioned conduct of Defendant Deputies, and each of them, Plaintiff has been required to employ and did employ physicians to examine, treat and care for him, and incurred other incidental medical expenses in an amount according to proof at trial.

79. The aforementioned acts and omissions alleged herein were intended by each Defendant Deputy to cause injury to Plaintiffs, and were done with a conscious disregard for the rights and safety of Plaintiffs, as the acts and omissions were willful, wanton, malicious and oppressive, thereby justifying the awarding of compensatory and punitive damages against each of the individual Defendants in an amount to be determined according to proof at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE BANE ACT**
**Cal. Civil Code §§ 52 and 52.1**
**(Against REINHARDT, BLACKBURN, KALMEN, MCELWAIN, BILLINGER, MCMORRIS, COO, COSTA MESA, and DOES 1 through 50, inclusive)**

80. Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

81. As alleged herein, Defendants interfered with Plaintiffs' rights under state and federal laws and under the state and federal constitution including, without limitation, the right to be free from unreasonable search and seizure, the right to due process, and the right to bodily integrity, including his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

SECOND AMENDED COMPLAINT FOR DAMAGES

82. COO and COSTA MESA are directly liable for the violations of the Bane Act committed by their officers and employees. The interference with Plaintiffs' rights was the result of policies, customs, or practices implemented by COO and COSTA MESA.

83. The Eighth Amendment to the United States Constitution and Article I of the California Constitution guarantee the right of persons to be free from cruel and unusual punishment. Defendants, by engaging in deliberate indifference to Plaintiffs' right to be free from unreasonable search and seizure interfered with Plaintiffs' enjoyment of their rights under federal and California law, thus giving rise to claims for damages pursuant to California Civil Code § 52.1.

84. Defendants, through threats, intimidation, and coercion, intentionally interfered with Plaintiffs' enjoyment of their constitutional rights, leading to significant physical and emotional harm.

85. COO and COSTA MESA are vicariously liable for the actions of their respective officers, as these actions were taken within the course and scope of their employment and directly contributed to the violation of Plaintiffs' rights.

86. As a result of their conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

87. As a direct and proximate result of the aforementioned wrongful acts of Defendants, individually and as peace officers, Plaintiffs sustained and incurred damages for physical injuries, emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

88. The conduct of Defendant Deputies, individually and as peace officers, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages.

89. Plaintiff seeks statutory damages under California Civil Code §52, as well as

compensatory and punitive damages according to proof.

PRAYER

WHEREFORE, PLAINTIFF requests entry of judgment in his favor and against Defendants as follows:

1. For compensatory (or general) damages, including pain and suffering, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;

2. For special damages, according to proof;

3. For punitive damages as provided by federal and state law, in an amount to be proved against each individual Defendant;

4. For prejudgment interest;

5. For attorney's fees, pursuant to 42 U.S.C. § 1983 & 1988 & California Civil Code § 52.1 (h);

6. For reasonable costs of this suit incurred herein;

7. For such other and further relief as the Court may deem just, proper and appropriate.

Dated: August 26, 2024                     THE AGOPOGLU LAW CORP., PLC

                                           s/Berc Agopoglu


                                    By:_____
                                           Berc Agopoglu
                                           Attorney for Plaintiffs
                                           JUAN DAVID VERAMANCINI and
                                           RODRIGO TORRESMARINI

SECOND AMENDED COMPLAINT FOR DAMAGES

**PROOF OF SERVICE**

*Veramancini v County of Orange, et al.*
8:22-cv-01501 FWS (JDEX)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1901 Avenue of the Stars, Suite 1900, Los Angeles, CA 90067. On August 26, 2024, I served the document(s) described as **SECOND AMENDED COMPLAINT FOR DAMAGES** on the interested parties in this action as follows:

☒   by placing ☐ the original   ☒ a true copy addressed as follows:

| | |
|---|---|
| Rebecca J. Chmura, Esq.<br>Michael L. Wroniak, Esq.<br>**Collins & Collins**<br>750 The City Drive, Suite 400<br>Orange, CA 92 | Attorneys for Defendant<br>County of Orange<br>Tel: (714) 823-4100<br>Email: RChmura@ccllp.law<br>MWroniak@ccllp.law |

☒   **ONLY BY ELECTRONIC TRANSMISSION.** Only by e-mailing the document(s) to the persons at the e-mail address(es) above pursuant to Code of Civil Procedure §1010.6 and per agreement of the parties.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 26, 2024

   //s// *Berc Agopoglu*

   _____
   Berc Agopoglu, Esq.

PLAINTIFFS' SECOND AMENDED COMPLAINT   -1-   FOR DAMAGES