Berc Agopoglu, Esq. (SBN: 201562)
   berc@agopoglulawfirm.com
Eunyoung Oh, Esq. (SBN: 333833)
   eyoung@agopoglulawfirm.com
**THE AGOPOGLU LAW CORP., PLC**
1901 Avenue of the Stars, Suite 1900
Los Angeles, California 90067
(310) 461-1438 Telephone
(310) 461-1450 Facsimile

Attorneys for Plaintiffs, JUAN DAVID VERAMANCINI and RODRIGO TORRESMARINI

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JUAN DAVID VERAMANCINI, an individual; RODRIGO TORRESMARINI, an individual<br><br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF ORANGE, a Government Entity; CITY OF COSTA MESA, a Government Entity; DEPUTY K. REINHARDT; DEPUTY ROBERT BLACKBURN; DEPUTY S. KALMEN, DEPUTY DAVID MCELWAIN; DEPUTY B. BILLINGER; OFFICER MCMORRIS and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No.: 8:22-CV-01501 FWS (JDEX)<br><br>The Honorable Fred W. Slaughter Presiding<br><br>THIRD AMENDED COMPLAINT FOR DAMAGES FOR<br><br>1. Violation of Civil Rights--Fourth Amendment (42 USC § 1983)<br><br>2. Assault and Battery<br><br>3. Negligence<br><br>4. Violation of the Bane Act |

## INTRODUCTION

1.    This case arises from the deliberate and egregious acts of excessive force and coordinated misconduct by law enforcement officers employed by the COUNTY OF ORANGE ("COO") and

THIRD AMENDED COMPLAINT FOR DAMAGES

the CITY OF COSTA MESA ("COSTA MESA"). Plaintiffs JUAN DAVID VERAMANCINI ("VERAMANCINI") and RODRIGO TORRESMARINI ("TORRESMARINI") were subjected to brutal, unprovoked, and oppressive violence during their arrests on August 14, 2021, resulting in severe physical and emotional injuries. The excessive force claims do not challenge the validity of the underlying convictions but rather focus on the excessive and brutal actions taken by the defendants after the plaintiffs were subdued and no longer posing any threat. The Defendants acted with malice, fraud, and oppression, with the intent to cause harm, and in reckless disregard for Plaintiffs' rights, warranting an award of punitive damages.

2.      Defendants, under color of state law, deprived Plaintiffs, VERAMANCINI TORRESMARINI, of their fundamental rights secured by the United States Constitution and the laws of the State of California.  During the course of Plaintiffs' arrests, Defendants COO, COSTA MESA,DEPUTY K. REINHARDT, DEPUTY ROBERT BLACKBURN, DEPUTY S. KALMEN, DEPUTY DAVID MCELWAIN, DEPUTY B. BILLINGER, and OFFICER MCMORRIS acting with deliberate indifference to human life and safety, deployed K-9 units with excessive and unreasonable force, causing Plaintiffs to suffer severe and permanent injuries, including but not limited to, deep lacerations, permanent scarring, and lasting physical and emotional trauma.

3.      As a direct and proximate result of Defendants' unlawful actions, Plaintiffs were forced to endure extensive medical treatment, including months of therapy, rehabilitation, and a protracted recovery process.

4.      Plaintiffs bring this civil action seeking redress for the flagrant violations of their constitutional rights, including, but not limited to, the Fourth Amendment's prohibition against unreasonable seizures and excessive force, and analogous protections afforded under state law. Plaintiffs further seek compensatory and punitive damages to hold Defendants accountable for their reprehensible conduct and to deter such abuses of power in the future.

THIRD AMENDED COMPLAINT FOR DAMAGES

5.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs also invoke this Court's supplemental jurisdiction to assert state law claims of assault and battery, negligence, violation of the Bane Act, and punitive damages under California law.

6.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1343, arising under 42 U.S.C. §§ 1983 and 1988. State law claims are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this Court because the unlawful acts and practices alleged herein occurred in the County of Orange, California, which is within this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

7.     At all relevant times, Plaintiff VERAMANCINI was and is a resident of the State of California in the County of Los Angeles.

8.     At all relevant times, Plaintiff TORRESMARINI was and is a resident of the State of California in the County of Los Angeles.

9.     At all relevant times, Defendant COO is, and at all times in this complaint was, an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned Defendant COO possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Orange County Sheriff's Department ("OCSD") and its tactics, methods, practices, customs and usages.

10.    At all relevant times, COSTA MESA is, and at all times in this complaint was a public entity duly authorized under the laws of the State of California. COSTA MESA had the power and authority to adopt policies and prescribe rules, regulations and practices affecting the

THIRD AMENDED COMPLAINT FOR DAMAGES

operation of the COSTA MESA Police Department ("CMPD") and its tactics, methods, practices, customs and usages.

11.    Defendant COO Deputy K. REINHARDT is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

12.    Defendant COO Deputy BLACKBURN is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

13.    Defendant COO Deputy KALMEN is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

14.    Defendant COO Deputy MCELWAIN is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

15.    Defendant COO Deputy BILLINGER is, and at all times in this complaint was, an individual employed by COO and/or its subsidiaries as a Sheriff Deputy, acting within the course and scope of his employment and also within his actual and apparent authority as a Deputy of a public entity, COO.

16.    Defendant COSTA MESA Officer MC MORRIS is, and at all times in this complaint was, an individual employed by COSTA MESA and/or its subsidiaries as an Officer, acting

THIRD AMENDED COMPLAINT FOR DAMAGES

within the course and scope of his employment and also within his actual and apparent authority as an Officer of a public entity, COSTA MESA.

17.     At all relevant times mentioned herein and material hereto, the Defendant DOE Officers described below engaged in law enforcement as Sheriff Deputies, Sergeants, Captains, lieutenants, and/or civilian employees, agents and representatives of Defendants COO and COSTA MESA, duly employed as Sheriff Deputies by the Orange County Sheriff's Department, or Officers of COSTA MESA Police Department who acted in the course and scope of their employment at all times relevant to the acts and omissions herein alleged.

18.     Plaintiffs are informed and believe and thereon allege that each of the Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiffs who, therefore, sues said Defendants by such fictitious names.

19.     Plaintiffs will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

20.     Defendants, and each of them, acted under color of law and did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated established and commonly understood substantive and procedural law.

## VENUE AND JURISDICTION

21.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and arises under 42 U.S.C. §§ 1983 and 1988.  State law claims for relief are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Venue is proper in this Court because

THIRD AMENDED COMPLAINT FOR DAMAGES

the unlawful acts and practices alleged herein occurred in the County of Orange, California, which is within this judicial district pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

22.    On or about August 14, 2021, at approximately 10:00 PM, COO Deputies and COSTA MESA Police Officers, including the individually named Defendants, were involved in the investigation and arrest of the Plaintiffs for an alleged residential burglary at 1612-1606 Antigua Way, Newport Beach, California.

23.    Coordination and Malicious Intent: The arrest of Plaintiffs was the result of premeditated and malicious coordination between COO and COSTA MESA. Defendants were in direct communication, sharing information and planning how to execute the arrest with the intent to cause maximum harm to the Plaintiff. Specifically, COSTA MESA's K-9 unit, led by Officer MCMORRIS, was deployed with explicit instructions to attack and incapacitate the Plaintiff VERAMANCINI, regardless of the lack of resistance or threat posed by him.  Also, REINHARDT, as the supervising officer, directed the overall operation with explicit intent to inflict pain and suffering. He ordered the deployment of the K-9 unit, knowing it would result in excessive and unnecessary force to TORRESMARINI. REINHARDT's failure to intervene and stop the attack, despite having the authority to do so, demonstrates his malicious intent and reckless disregard for human life.

24.    Incident involving VERAMANCINI: After fleeing the scene in fear for his life, Plaintiff VERAMANCINI was apprehended at 2018 Santiago Drive, Newport Beach, CA. Upon being restrained by COO and COSTA MESA officers, VERAMANCINI was subjected to a prolonged and vicious K-9 attack by COSTA MESA's police dog, under the direct orders of Officer MCMORRIS. This attack was not a reflexive action but rather a deliberate and calculated effort to inflict severe pain and injury. Despite being fully subdued, handcuffed, and posing no physical

THIRD AMENDED COMPLAINT FOR DAMAGES

threat, VERAMANCINI was savagely bitten multiple times. The officers, including MCMORRIS, took pleasure in the harm being inflicted, as evidenced by their refusal to call off the dog despite VERAMANCINI's cries for mercy and obvious signs of severe injury. This behavior was not only malicious but also demonstrated a depraved indifference to human life.

25.    Incident involving TORRESMARINI: Plaintiff TORRESMARINI, after hiding in a fire pit out of fear, was forcibly removed by Deputies BLACKBURN and KALMEN at 1330 Hampshire Circle, Newport Beach, CA. Both deputies knew that TORRESMARINI was unarmed and posed no threat, yet they permitted the K-9 unit, Canine Mac, to viciously attack him. The dog, under the direction of Deputy REINHARDT, was allowed to continue its assault even after TORRESMARINI was subdued and posed no danger. The officers acted with malice, as they watched and allowed the dog to tear into TORRESMARINI's flesh, causing deep lacerations, nerve damage, and permanent scars. The attack was prolonged intentionally, with the officers deriving sadistic pleasure from the agony they caused.

26.    Actions of Individual Defendants: REINHARDT, as the supervising officer, directed the overall operation with explicit intent to inflict pain and suffering. He ordered the deployment of the K-9 unit, knowing it would result in excessive and unnecessary force. REINHARDT's failure to intervene and stop the attack, despite having the authority to do so, demonstrates his malicious intent and reckless disregard for human life.

27.    BLACKBURN, with full knowledge of TORRESMARINI's defenseless state, physically removed him from the fire pit and allowed the K-9 to continue biting him. BLACKBURN's actions were driven by a malicious intent to punish and cause suffering, far beyond any legitimate law enforcement need.

28.    KALMEN assisted in the physical removal of TORRESMARINI and, like BLACKBURN, allowed the excessive force to continue unabated. KALMEN's conduct was

THIRD AMENDED COMPLAINT FOR DAMAGES

motivated by a desire to see TORRESMARINI suffer, evidenced by his failure to stop the attack even when it was clear that TORRESMARINI was defenseless.

29.     MCELWAIN was actively involved in the search operation and knowingly allowed his colleagues to use excessive force. His inaction and tacit approval of the brutality inflicted on the Plaintiffs were driven by malice and a reckless disregard for their well-being.

30.     BILLINGER was responsible for securing the scene and intentionally failed to intervene as the violence escalated. His failure to act, despite witnessing the unnecessary and brutal use of force, demonstrates his malicious intent to allow the Plaintiffs to suffer.

31.     MCMORRIS, the handler of the K-9 unit, deployed the dog with the specific intent to cause harm. His refusal to call off the dog, despite VERAMANCINI being subdued, shows a calculated and malicious desire to inflict pain. MCMORRIS acted with oppression, as he derived satisfaction from the suffering he caused, evidenced by his demeanor and refusal to provide medical aid immediately after the attack.

32.     Plaintiffs' Lack of Physical Resistance: Plaintiffs VERAMANCINI and TORRESMARINI did not engage in any physical resistance or altercation with the Defendants. Their alleged "resistance" was limited to hiding and fleeing, motivated by fear for their lives. At no point did they pose a physical threat to the officers. The Defendants' use of excessive force was not only unjustified but also maliciously intended to inflict maximum pain and suffering on the Plaintiffs.

Prior to the arrest of Plaintiffs, Deputy BILLINGER and Deputy REINHARDT were in a black and white patrol vehicle and wearing a Sheriff's green patrol vest with Sheriff's logo, patches and badge.  Defendant COO's Sheriff's helicopter "Duke" was conducting surveillance of a vehicle ("Mazda SUV") Plaintiffs were allegedly using for the alleged burglary incident.

33.     After the burglary incidents, Plaintiffs drove away with the Mazda SUV and Deputy BILLINGER drove his patrol vehicle towards the allegedly fleeing vehicle in an attempt to

THIRD AMENDED COMPLAINT FOR DAMAGES

allegedly block Plaintiffs' path. Deputy BILLINGER in reality used an official patrol vehicle to directly hit the Plaintiffs on said Antigua Way, Newport Beach, California, by accelerating his vehicle into Plaintiff's vehicle from opposite direction.

34.     Plaintiffs managed to avoid the hit by making a turn away from Deputy BILLINGER's vehicle. Plaintiffs reasonably thought that Deputy BILLINGER and Deputy REINHARDT along with coordination of remaining Defendants were going to seriously injure or kill Plaintiffs. Plaintiffs tried to avoid this in the safest way.

35.     Defendants and COO wrongfully alleged that Plaintiffs assaulted said Defendants with their Mazda SUV. All Defendants coordinated and planned a cover-up of their assault by alleging Plaintiffs' assaulted them.

36.     Based on this cover-up, The District Attorney of COO filed California Penal Code Section 245 ("Assault with deadly weapon") charges, but after review of the video, realized that the charge was totally unfounded and it was dropped as it was the Deputy BILLINGER who drove his vehicle towards the Plaintiffs with the intention to hit Plaintiffs and cause severe bodily harm.

37.     Thereafter, after pursuit of Plaintiffs, VERAMANCINI was arrested by Defendants at 2018 Santiago Drive, Newport Beach, CA 92660 and TORRESMARINI was arrested at 1330 Hampshire Cir. Newport Beach, CA 92660. Prior to and during the arrest of said Plaintiffs, Defendants without any justification, used Canine dogs to seriously bite Plaintiffs causing severe disabling injuries, including inflicting permanent scars and severe lacerations that caused both Plaintiffs to be hospitalized. Said Canine dogs were used intentionally to seriously injure Plaintiffs as a retaliation for their alleged conduct. VERAMANCINI and TORRESMARINI had nerve damage to their body parts and could not move them for a long duration of time. VERAMANCINI underwent two surgeries in his both arms. TORRESMARINI used a walking stick for months as he was seriously injured on his leg.

THIRD AMENDED COMPLAINT FOR DAMAGES

38.    Claim Against County of Orange: On December 28, 2021, Plaintiffs VERAMANCINI and TORRESMARINI filed government claims against COO. These claims were denied, on May 17, 2022 and March 11, 2022, respectively.

39.    Claim Against City of COSTA MESA: On January 5, 2023, Plaintiff VERAMANCINI filed a government claim against the City of COSTA MESA for the injuries inflicted by the COSTA MESA Police Department's K-9 unit. This claim was also not denied or rejected, preserving Plaintiff's right to include COSTA MESA and its officers in this action.  However, on January 10, 2025, the Court dismissed Plaintiff TORRESMARINI's all causes of actions against COSTA MESA and MCMORRIS as moot.  The Court also dismissed Plaintiff VERAMANCINI's second, third, and fourth causes of action against COSTA MESA and MCMORRIS for negligence, assault and battery, and violation of Bane Act *without leave to amend*.  (DKT #88, P.22).

40.    The incidents occurred on August 14 and August 15, 2021. Pursuant to California Government Code section 945.3, the deadlines for filing the government claims and the lawsuit were tolled due to Plaintiffs' criminal cases and current state prison terms. Additionally, the case was subject to a stay from November 18, 2022, until August 8, 2024, further tolling the statute of limitations. The second amended complaint is being stipulated to be filed on August 26, 2024, within the tolled deadline.

41.    The actions of each Defendant were carried out with joint approval and coordination, with each officer contributing to the excessive force used. The K-9 attacks on both Plaintiffs were neither isolated nor independent incidents but rather the result of a coordinated effort to inflict harm, overseen by the named Deputies and Officers. The malicious intent of each officer is evidenced by their coordination and communication before, during, and after the events, showing a clear conspiracy to oppress and harm the Plaintiffs.

42.     Malice: The Defendants acted with a conscious disregard for the rights and safety of the Plaintiffs, intending to cause them harm. This is evidenced by the prolonged and excessive use of force, including the deployment of K-9 units to attack the Plaintiffs even after they were subdued, handcuffed, and posed no threat. The actions of the Defendants, particularly their refusal to call off the K-9 units and their sadistic pleasure in the Plaintiffs' suffering, demonstrate a clear intent to cause injury.

43.     Oppression: The Defendants' actions were oppressive, as they subjected the Plaintiffs to cruel and unjust hardship with a deliberate indifference to their rights. The coordination and planning of the excessive force, the refusal to provide immediate medical aid, and the infliction of severe pain and injury without any justification, all demonstrate a calculated effort to oppress and harm the Plaintiffs.

44.     Fraud: The Defendants engaged in fraudulent conduct by misleading the Plaintiffs into believing that they were being lawfully apprehended, only to subject them to unlawful and excessive force. The Defendants acted with the intent to deceive and harm the Plaintiffs, using their authority to carry out acts of brutality under the guise of law enforcement.

45.     Legal Basis for Punitive Damages: Under California Civil Code § 3294, punitive damages are warranted where the defendant has been guilty of oppression, fraud, or malice. The Defendants' actions meet this standard, as they acted with a reckless disregard for the Plaintiffs' rights, intending to cause them harm and inflicting severe pain and suffering without any legitimate law enforcement justification.

46.     Request for Relief: Plaintiffs seek punitive damages against the individual Defendants to punish them for their malicious, oppressive, and fraudulent conduct, and to deter similar conduct in the future. The imposition of punitive damages is necessary to hold the Defendants accountable for their actions and to send a message that such conduct will not be tolerated.

THIRD AMENDED COMPLAINT FOR DAMAGES

47.     Plaintiffs admit that they attempted to flee and hide upon the arrival of law enforcement officers due to fear and panic. However, this conduct was passive and did not involve any physical confrontation or active resistance against the officers. The alleged resistance involved actions such as hiding in a fire pit (by Plaintiff TORRESMARINI) and fleeing to another location (by Plaintiff VERAMANCINI). There were no attempts to physically resist arrest or assault the officers.

48.     The claims of excessive force arise solely from the actions taken by the defendants after the plaintiffs were fully subdued, handcuffed, and no longer resisting. The force used by the defendants was excessive and unnecessary, constituting an abuse of power and a violation of the Plaintiffs' constitutional rights.

**FIRST CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS - EXCESSIVE FORCE 42 U.S.C. § 1983**
**(Against REINHARDT, BLACKBURN, KALMEN, MCELWAIN, BILLINGER, MCMORRIS, COO, COSTA MESA[1] and DOES 1 through 50, inclusive)**

49.     Plaintiffs[2] incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

50.     Defendants REINHARDT, BLACKBURN, KALMEN, MCELWAIN, BILLINGER, and MCMORRIS, acting under color of state law, intentionally used excessive force against Plaintiffs in violation of their Fourth Amendment rights. The deployment of K-9 units, the continuation of the K-9 attacks after Plaintiffs were subdued, and the coordination between COO and COSTA MESA demonstrate a deliberate and malicious use of force far beyond what was necessary for the arrest. Plaintiffs were unarmed, did not physically resist, and only fled and hid, which did not justify the level of force used.

---

[1] Pursuant to January 10, 2025 Court Order, Plaintiff TORRESMARINI is not making any claim against COSTA MESA including the 42 U.S.C. § 1983 *Monell* Claim.

[2] Plaintiff TORRESMARINI's 42 U.S.C. § 1983 *Monell* Claim against COSTA MESA is dismissed as moot, and therefore *Monell* claim against COSTA MESA is only alleged by Plaintiff VERAMANCINI, pursuant to January 10, 2025 Court Order.

THIRD AMENDED COMPLAINT FOR DAMAGES

51.     Plaintiffs Juan David Veramancini and Rodrigo Torresmarini allege that the County of Orange ("COO") and the City of Costa Mesa ("COSTA MESA") maintained and enforced policies, practices, and customs that were deliberately indifferent to individuals' constitutional rights, including Plaintiffs' rights under the Fourth and Fourteenth Amendments to be free from excessive force.

52.     Defendants' written policies concerning K-9 deployment, specifically COSTA MESA Policy 309 and COO Policy 318, fail to provide sufficiently clear and enforceable guidelines to prevent the unconstitutional use of K-9s. While these policies state that K-9s should be withdrawn "as soon as reasonably practicable" once a suspect is subdued or no longer poses a threat, these provisions are vague and inconsistently applied, leading to systemic misuse of K-9s. For instance, COSTA MESA Policy 309.6 states, "Once the suspect has been located and no longer reasonably appears to present a threat or risk of escape, the handler should secure the canine as soon as it becomes reasonably practicable." Similarly, COO Policy 318.5.3 provides, "Once the individual has been located and no longer reasonably appears to represent a threat or risk of escape, the canine should be placed in a down-stay or otherwise secured as soon as it becomes reasonably practicable." Despite these provisions, K-9s are routinely allowed to continue biting suspects who are restrained, compliant, or incapacitated.

53.     Plaintiffs allege a longstanding practice or custom within COO and COSTA MESA of permitting K-9s to inflict unnecessary injury on suspects who have been subdued. This practice was demonstrated during the incidents on August 14, 2021, in which Plaintiffs, despite being unarmed and compliant, were subjected to prolonged K-9 attacks. These incidents reflect systemic failures to enforce policies requiring prompt withdrawal of K-9s.

54.     COSTA MESA Policy 309 and COO Policy 318 fail to adequately address scenarios where suspects are restrained or handcuffed. By omitting specific instructions for these situations, the policies implicitly allow prolonged K-9 engagement, leading to unnecessary

THIRD AMENDED COMPLAINT FOR DAMAGES

injuries. These omissions were a direct factor in the unconstitutional use of force against Plaintiffs, who were already subdued and no longer posed a threat.

55.     Plaintiffs also allege a persistent failure to enforce COSTA MESA Policy 309.6.2 and COO's analogous provisions, which mandate clearly audible warnings before deploying a K-9. Although warnings were issued in these cases, the subsequent actions of Defendants' personnel—allowing prolonged K-9 contact—contradicted the intent of these policies and rendered the warnings ineffective.

56.     Plaintiffs allege that COSTA MESA and COO policies lack meaningful oversight mechanisms to ensure accountability in K-9 deployments. COSTA MESA Policy 309 and COO Policy 318 require supervisors to review deployment reports, yet these reviews are often cursory and fail to address repeated violations. This systemic lack of accountability emboldens personnel to disregard constitutional standards.

55.     The 2018 Office of Independent Review (OIR) report concerning COO's K-9 program highlighted systemic deficiencies in training, oversight, and accountability. The report noted that the OIR requested directives or guides specifically addressing K-9 training procedures but was denied access to specifics or details about the August 29, 2018, incident, with COO citing confidentiality concerns. Additionally, the OIR reported that K-9 handler training records are maintained on a digital server but remain inaccessible to outside review, limiting accountability.

56.     The OIR report also stated that COO training scenarios aim to "maximize apprehension without a K-9 bite wherever possible." However, the absence of detailed guidance for scenarios involving restrained suspects creates significant liability risks, as evidenced by the prolonged K-9 attacks on Plaintiffs.

57.     Despite the presence of advanced training facilities and resources, both COO and COSTA MESA have failed to address systemic deficiencies in K-9 operations. The refusal to

THIRD AMENDED COMPLAINT FOR DAMAGES

provide access to detailed training logs and the absence of documented corrective measures demonstrate deliberate indifference to recurring issues.

58.     Plaintiffs further allege that the absence of proactive measures to evaluate and remediate deployment-related risks constitutes a failure of leadership. The OIR report specifically highlighted the need for "detailed guidance" and "increased accountability mechanisms" to mitigate excessive force risks.

59.     The failure to implement such recommendations, despite awareness of recurring issues, underscores deliberate indifference to the constitutional rights of individuals subjected to K-9 operations.

**Failure to Train on K-9 Use and Excessive Force**

60.     Defendants COO and COSTA MESA failed to provide adequate training to their personnel regarding constitutional limitations on the use of K-9s and the appropriate application of force. Specifically, Defendants failed to:

a. Ensure personnel understood the importance of immediately withdrawing K-9s once suspects are subdued or no longer pose a threat;

b. Train personnel on de-escalation techniques to minimize the need for K-9 deployment;

c. Establish clear procedures for documenting and reviewing K-9 deployments to ensure compliance with constitutional standards; and

d. Address recurring issues of excessive K-9 force through retraining or disciplinary action.

61.     The inadequacy of Defendants' training programs constitutes deliberate indifference to the rights of individuals with whom their personnel interact. This deliberate indifference is evidenced by the frequency of incidents involving excessive K-9 force and the lack of meaningful corrective action.

THIRD AMENDED COMPLAINT FOR DAMAGES

**Pattern of Prior Incidents**

62.    Plaintiffs allege that the incidents involving them on August 14, 2021, are not isolated but reflect a broader pattern of unconstitutional conduct by Defendants' personnel. Multiple reports and investigations have revealed systemic issues within COO and COSTA MESA regarding K-9 deployments, including excessive use of force, inadequate supervision, and lack of accountability.

63.    Plaintiffs are informed and believe that additional incidents involving unconstitutional K-9 use by COO and COSTA MESA personnel will be revealed through discovery. These incidents will further establish a pattern of excessive force and deliberate indifference by Defendants.

**Causal Link Between Policies and Constitutional Violation**

64.    Defendants' policies, customs, and practices were the moving force behind the constitutional violations suffered by Plaintiffs. By failing to enforce their own policies, address systemic deficiencies, and adequately train their personnel, Defendants created an environment in which the unconstitutional use of K-9 force was not only foreseeable but inevitable.

**Ratification by Policymakers**

65.    Plaintiffs further allege that policymakers within COO and COSTA MESA, including the Sheriff of Orange County and the Chief of Police of Costa Mesa, ratified the unconstitutional conduct of their personnel by failing to investigate or discipline officers involved in excessive K-9 force. This ratification reinforces the existence of unconstitutional policies and customs within these agencies.

66.    The OIR report emphasized that COO's refusal to share details about specific incidents or training deficiencies "hinders accountability and undermines public trust." This lack of transparency emboldens personnel to disregard constitutional standards, resulting in harm to individuals like Plaintiffs.

THIRD AMENDED COMPLAINT FOR DAMAGES

67.     Plaintiffs allege that the lack of robust training programs and the consistent failure to enforce existing policies by both COO and COSTA MESA leadership directly contributed to the harm suffered by Plaintiffs, establishing the causal link required for Monell liability.

68.     The deliberate indifference demonstrated by Defendants' leadership is further evidenced by their failure to adopt the OIR's recommendations, including enhancing training standards and improving accountability mechanisms

69.     By maintaining deficient policies and failing to correct known issues, Defendants have institutionalized practices that violate constitutional rights, necessitating judicial intervention to prevent future harm.

70.     Plaintiffs request that this Court grant relief as set forth in the prayer for damages, including declaratory and injunctive relief, compensatory and punitive damages, and attorneys' fees and costs under 42 U.S.C. § 1988.

**SECOND CAUSE OF ACTION**
**NEGLIGENCE-Cal. Govt. Code §§ 815.2(a), 820(a)**
**(Against REINHARDT, BLACKBURN, KALMEN, MCELWAIN, BILLINGER, COO, and DOES 1 through 50, inclusive)**

71.     Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

72.     Defendants owed a duty of care to Plaintiffs to use only that amount of force necessary to effectuate an arrest and to protect Plaintiffs from unnecessary harm.

73.     Defendants breached this duty by using excessive force, including the unnecessary deployment of K-9 units and the continued attacks on Plaintiffs after they were subdued. Defendants failed to properly assess the situation and continued to use force when it was no longer justified. Plaintiffs were unarmed, did not physically resist, and only fled and hid, which did not justify the level of force used. Plaintiffs are informed and believe and there upon allege that Defendant Deputies, and each of them, failed to exercise reasonable and ordinary care in

committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently approaching and arresting Plaintiff with the use of excessive K-9 dog bites, i.e. using excessive and unreasonable physical force upon the person of Plaintiffs, when the same was unnecessary and unjustified, negligently failing to determine that at specified period right before getting further injured, Plaintiffs posed no threat of physical harm to any person when Plaintiffs were assaulted and battered, negligently attacking Plaintiffs as described, negligently failing to intercede when fellow Defendant Deputies violated Plaintiffs' constitutional rights.

74.    COO is directly liable for the negligent actions of their employees and officers, who acted within the course and scope of their employment. The negligence of the individual Defendants was a direct result of the policies, customs, or practices of COO and COSTA MESA. As a result of these acts, Plaintiffs were placed in great fear of his life and physical well-being. Moreover, due to the negligent acts of each of these Defendant Deputies, Plaintiffs have suffered and will continue to suffer serious pain and severe mental anguish.

75.    Defendants' breach of duty was the direct and proximate cause of Plaintiffs' injuries, including severe physical pain, permanent disability, emotional distress, and the need for extensive medical treatment.  As a proximate result of the above-mentioned conduct of Defendant Deputies, and each of them, Plaintiffs have been required to employ and did employ physicians and surgeons to examine, treat, and care for them, and incurred other incidental medical expenses in an amount according to proof at trial.

76.    COO is vicariously liable for the negligence of their respective officers, as these actions were taken within the course and scope of their employment.

## THIRD CAUSE OF ACTION
## ASSAULT AND BATTERY
### (Against REINHARDT, BLACKBURN, KALMEN, MCELWAIN, BILLINGER, COO and DOES 1 through 50, inclusive)

Page 18

THIRD AMENDED COMPLAINT FOR DAMAGES

77.    Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

78.    Defendants' actions placed Plaintiffs in reasonable apprehension of imminent harmful contact. The deployment of K-9 units and the aggressive behavior of the officers created a credible and immediate threat to Plaintiffs' safety.

79.    Defendants intended to cause Plaintiffs to fear for their safety through their actions, including the deployment of K-9 units and the use of excessive force even after Plaintiffs were subdued and posed no threat. Plaintiffs were unarmed, did not physically resist, and only fled and hid.

80.    COO is directly liable for the assault committed by their officers and employees. The intentional actions of the individual Defendants were carried out under the policies, customs, or practices of COO and COSTA MESA.

81.    Defendants intentionally caused harmful and offensive contact with Plaintiffs through the deployment and use of K-9 units. The bites inflicted by the K-9s resulted in severe physical injuries, including deep lacerations, nerve damage, and permanent scarring.

82.    Plaintiffs did not consent to the use of force, and the force used was not justified under the circumstances. Plaintiffs were unarmed, did not physically resist, and only fled and hid.

83.    COO is directly liable for the battery committed by their officers and employees. The intentional actions of the individual Defendants were carried out under the policies, customs, or practices of COO and COSTA MESA.

84.    COO is vicariously liable for the actions of their respective officers, who committed these torts within the course and scope of their employment.

85.    The actions of the individual Defendants were carried out with malice, fraud, and oppression, justifying the imposition of punitive damages.

Page 19

86.     Specifically, on or about August 14-15, 2021 between 10:00 pm to 4:00 am, Defendant Deputies, acting individually and in concert with other law enforcement agents, assaulted and battered Plaintiffs through use of Canine Mac with acts included, but were not limited to: intentionally directing and letting Canine Mac to bite and seriously injure Plaintiffs when Plaintiffs no longer posed any threat or danger to Defendants.

87.     In assaulting and battering Plaintiff as described herein, Defendant Deputies proximately caused severe and permanent injuries to Plaintiffs. Both Defendants have permanent scars on multiple parts of their bodies as well, which also caused and continuing to cause emotional pain and suffering.

88.     Both prior to and during the time in which he was assaulted and battered, Plaintiffs were not armed with any kind of weapon and posed no reasonable threat of violence to the Defendants, nor to any other individual. When Plaintiffs were attacked, as described herein, Plaintiffs made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that he had the will or ability to inflict substantial bodily harm against any individual.

89.     As a result of the above alleged conduct, Plaintiffs suffered serious bodily harm including, but not limited to, severe lacerations, cuts and permanent scars to their bodies.

90.     As a result of these acts, Plaintiffs were placed in great fear of their lives and physical well-being. Moreover, due to the wrongful, intentional, and malicious acts of the Defendant Deputies, Plaintiffs have suffered and will continue to suffer extreme pain and severe mental anguish.

91.     As a proximate result of the aforementioned conduct of Defendant Deputies, and each of them, Plaintiff has been required to employ and did employ physicians to examine, treat and care for him, and incurred other incidental medical expenses in an amount according to proof at trial.

THIRD AMENDED COMPLAINT FOR DAMAGES

92.    The aforementioned acts and omissions alleged herein were intended by each Defendant Deputy to cause injury to Plaintiffs, and were done with a conscious disregard for the rights and safety of Plaintiffs, as the acts and omissions were willful, wanton, malicious and oppressive, thereby justifying the awarding of compensatory and punitive damages against each of the individual Defendants in an amount to be determined according to proof at trial.

**FOURTH CAUSE OF ACTION
VIOLATION OF THE BANE ACT
Cal. Civil Code §§ 52 and 52.1
(Against REINHARDT, BLACKBURN, KALMEN, MCELWAIN, BILLINGER, COO,
and DOES 1 through 50, inclusive)**

93.    Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

94.    As alleged herein, Defendants interfered with Plaintiffs' rights under state and federal laws and under the state and federal constitution including, without limitation, the right to be free from unreasonable search and seizure, the right to due process, and the right to bodily integrity, including his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

95.    COO is directly liable for the violations of the Bane Act committed by their officers and employees. The interference with Plaintiffs' rights was the result of policies, customs, or practices implemented by COO and COSTA MESA.

96.    The Eighth Amendment to the United States Constitution and Article I of the California Constitution guarantee the right of persons to be free from cruel and unusual punishment. Defendants, by engaging in deliberate indifference to Plaintiffs' right to be free from unreasonable search and seizure interfered with Plaintiffs' enjoyment of their rights under federal

and California law, thus giving rise to claims for damages pursuant to California Civil Code § 52.1.

97.    Defendants, through threats, intimidation, and coercion, intentionally interfered with Plaintiffs' enjoyment of their constitutional rights, leading to significant physical and emotional harm.

98.    COO is vicariously liable for the actions of their respective officers, as these actions were taken within the course and scope of their employment and directly contributed to the violation of Plaintiffs' rights.

86.    As a result of their conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

87.    As a direct and proximate result of the aforementioned wrongful acts of Defendants, individually and as peace officers, Plaintiffs sustained and incurred damages for physical injuries, emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

88.    The conduct of Defendant Deputies, individually and as peace officers, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages.

89.    Plaintiff seeks statutory damages under California Civil Code §52, as well as compensatory and punitive damages according to proof.


## PRAYER

WHEREFORE, PLAINTIFF requests entry of judgment in his favor and against Defendants as follows:

1.    For compensatory (or general) damages, including pain and suffering, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;

THIRD AMENDED COMPLAINT FOR DAMAGES

2.     For special damages, according to proof;

3.     For punitive damages as provided by federal and state law, in an amount to be proved against each individual Defendant;

4.     For prejudgment interest;

5.     For attorney's fees, pursuant to 42 U.S.C. § 1983 & 1988 & California Civil Code 13 § 52.1 (h);

6.     For reasonable costs of this suit incurred herein;

7.     For such other and further relief as the Court may deem just, proper and appropriate.

Dated: April 1, 2025                THE AGOPOGLU LAW CORP., PLC

s/Berc Agopoglu

By:_____
     Berc Agopoglu
     Attorney for Plaintiffs
     JUAN DAVID VERAMANCINI and
     RODRIGO TORRESMARINI

THIRD AMENDED COMPLAINT FOR DAMAGES