UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01501-FWS-JDE                                  Date: June 13, 2025
Title: Juan David Veramancini *et al* v. County of Orange *et al*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

Not Present                                                   Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART COUNTY DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE PLAINTIFF'S THIRD AMENDED COMPLAINT [121]**

This case arises out of the use of canines during the arrest of two individuals. (*See generally* Dkt. 116 (Corrected Third Amended Complaint, "Third Amended Complaint" or "TAC").)  Plaintiffs Juan Veramancini ("Veramancini") and Rodrigo Torresmarini ("Torresmarini") (together, "Plaintiffs") bring claims against Defendants County of Orange (the "County"), Orange County Deputies Reinhardt, Blackburn, Kalmen, Billinger, and Mcelwain,[1] and Costa Mesa Police Officer McMorris.[2]

Before the court is the County Defendants' Motion to Dismiss.  (Dkt. 121 ("Motion" or "Mot.").)  Plaintiff opposes the Motion.  (Dkt. 123 ("Opposition" or "Opp.").)  The County Defendants filed a reply in support of the Motion.  (Dkt. 124 ("Reply").)  Plaintiffs filed a sur-reply without leave—in violation of C.D. Cal. L.R. 7-10 ("Absent a prior written order of the Court, the opposing party shall not file a response to the reply.")—which the court disregards. (Dkt. 125.)  The court held a hearing on this matter on June 11, 2025. (Dkt. 128.)  Based on the state of the record, as applied to the applicable law, the court **GRANTS IN PART** and **DENIES IN PART** the Motion.

---

[1] The court refers to the County of Orange Deputies as the "Deputy Defendants".  The court refers to the Deputy Defendants together with the County as the "County Defendants".
[2] The City of Costa Mesa was previously a defendant in this case, but the court dismissed them from the case.  (Dkt. 113.)_

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01501-FWS-JDE                           Date: June 13, 2025
Title: Juan David Veramancini *et al* v. County of Orange *et al*

## I.      Summary of the TAC's Allegations[3]

Police officers from Orange County and Costa Mesa pursued Plaintiffs as they fled the
scene of an alleged residential burglary in Newport Beach, California.  (TAC ¶¶ 22.)  When law
enforcement arrived at the burglary location, Plaintiffs "drove away."  (*Id.* ¶ 33.)  Deputy
Billinger pursued Plaintiffs in his patrol vehicle.  (*Id.*)  Plaintiffs "turned[ed] away" from
Deputy Billinger's vehicle and then fled to different locations.  (*Id.* ¶ 37.)

The Deputy Defendants and Officer McMorris were "in direct communication" planning
how to execute Plaintiffs' arrest.  (*Id.* ¶ 23.)  Torresmarini was "hiding in a fire pit" at
Hampshire Circle, from which Deputy Blackburn and Deputy Kalmen removed him.  (*Id.* ¶ 25.)
Deputy Reinhard allowed his canine to assault Torresmarini even after he "was subdued and
posed no danger."  (*Id.*)  Deputy McElwain "was actively involved in the search operation"
while Deputy Billinger "was responsible for securing the scene."  (*Id.* ¶¶ 29, 30.)  Veramancini
was apprehended separately on Santiago Street, where Officer McMorris allowed his canine to
bite Veramancini even though he was "fully subdued, handcuffed, and posing no physical
threat."  (*Id.* ¶ 24.)  Plaintiffs were "hospitalized" and suffered "severe disabling injuries"
because of the canine attacks.  (*Id.* ¶ 37.)

Now, Plaintiffs allege four cases of action against the County Defendants: (1) excessive
force under 42 U.S.C. § 1983; (2) negligence under California Government Code §§ 815.2(a),
820(a); (3) assault and battery; and (4) violation of the Bane Act, Cal. Civ. Code §§ 52, 52.1.
(TAC ¶¶ 49-89.)  The § 1983 claim is also alleged against Officer McMorris.  (*Id.* ¶¶ 49-59.)
Plaintiffs seek punitive damages against the County Defendants and Officer McMorris.  (*Id.*
¶88.)

---

[3] For purposes of the Motion, the court accepts as true the TAC's factual allegations and
construes them in the light most favorable to Plaintiff.  *See, e.g.*, *Lazy Y Ranch Ltd. v. Behrens*,
546 F.3d 580, 588 (9th Cir. 2008); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025,
1031 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01501-FWS-JDE                                  Date: June 13, 2025
Title: Juan David Veramancini *et al* v. County of Orange *et al*

## II.    Procedural History[4]

Plaintiffs were charged in California Superior Court with crimes associated with the events involved in this case.  This court stayed this case while Plaintiffs' criminal cases progressed in California Superior Court.  (Dkt. 28.)  Veramancini eventually pleaded guilty to burglary, attempted burglary, and resisting a public or peace officer.  (Exhibit 2.)  Torresmarini pleaded guilty to burglary, evading a peace officer, hit and run property damage, and resisting a public or peace officer.  (Exhibit 1.)  Both pleas for resisting a public or police officer were pursuant to California Penal Code § 148(a)(1) which criminalizes willfully resisting a police officer in the performance of their duties.  (Exhibit 1; Exhibit 2); Cal. Penal Code § 148.

## III.    Legal Standard

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by

---

[4] The County Defendants request that the court take judicial notice of four exhibits from Orange County Superior Court, Criminal Case No. 21HF1604 (the "Criminal Case").  (Dkt. 121-2.) These exhibits are: (1) the Case Summary from the Criminal Case as to Torresmarini ("Exhibit 1"); (2) the Case Summary from the Criminal Case as to Veramancini ("Exhibit 2"); (3) excerpts from the November 15, 2022, Preliminary Hearing in the Criminal Case ("Exhibit 3"); and (4) excerpts from the November 18, 2022, Preliminary Hearing in the Criminal Case ("Exhibit 4").  (*Id.* at 3.)  Pursuant to Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Courts "may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts."  *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001); *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002).  Because these four exhibits are "undisputed matters of public record" from Orange County Superior Court, the court **GRANTS** judicial notice of Exhibits 1-4 at Dkt. 121-2.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01501-FWS-JDE                              Date: June 13, 2025
Title: Juan David Veramancini *et al* v. County of Orange *et al*

reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).  To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level."  *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'"  *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679).  "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)."  *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216).  But, on the other, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Eclectic Props. E.*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678).

**CIVIL MINUTES – GENERAL**                                                      **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01501-FWS-JDE                    Date: June 13, 2025
Title: Juan David Veramancini *et al* v. County of Orange *et al*

Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss made pursuant to Rule 12(b)(6):

> Review is limited to the contents of the complaint.  All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).

## IV.    Discussion

In the Motion, the County Defendants argue that the TAC should be dismissed under Rule 12(b)(6) and that Plaintiffs' demand for punitive damages should be stricken under F.R.C.P. 12(f)(2).  (*See generally* Mot.)  The court addresses each argument in turn.

### A.    Motion to Dismiss

County Defendants raise several arguments in support of their position that the TAC should be dismissed.  First, County Defendants argue that the TAC is barred by *Heck v. Humphrey* ("*Heck*"), 512 U.S. 477 (1994).  (Mot. at 14-18.)  Second, County Defendants argue that Plaintiffs fail to state a claim under *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978).  (*Id.* at 18-24.)  Third, County Defendants raise various arguments under federal and state immunities. (Mot. at 24-26.)  Finally, County Defendants argue that the TAC does not adequately allege that County Defendants were involved in the arrest of Veramancini.  (Mot. at 27.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01501-FWS-JDE                              Date: June 13, 2025
Title: Juan David Veramancini *et al* v. County of Orange *et al*

### 1.    The *Heck* Bar

At this stage in the proceedings, the court cannot say that Plaintiffs' claims are barred by *Heck*. The court reaches this conclusion because the *Heck* inquiry requires a clear understanding of what exact conduct forms the basis of Plaintiffs' guilty pleas for resisting arrest, and the record does not provide that clarity.

"Under *Heck*, a § 1983 action cannot be maintained by a plaintiff who has been convicted of a crime if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" *Martell v. Cole*, 115 F.4th 1233, 1234 (9th Cir. 2024) (quoting *Heck*, 512 U.S. at 487.) A successful § 1983 suit might raise that implication "because a violation of § 148(a)(1) requires the officer to be 'engaged in the performance of his or her duties' at the time of the suspect's resistance or obstruction, and 'California courts have held that an officer who uses excessive force is acting unlawfully and therefore is not engaged in the performance of his or her duties.'" *Id.* at 1236 (quoting *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1006 (9th Cir. 2022)).

However, "a § 1983 suit is not barred by *Heck* even when the allegedly excessive force and the obstructive act that is the basis of the plaintiff's conviction occur 'in a single continuous chain of events lasting a very brief time.'" *Id.* at 1238; *see also Sanders v. City of Pittsburg,* 14 F.4th 968, 971 (9th Cir. 2021) ("[I]f the alleged excessive force occurred *before* or *after* the acts that form the basis of the § 148(a) violation, even if part of one continuous transaction, the § 1983 claim doesn't necessarily imply the invalidity of [the] criminal conviction under § 148(a)(1).") (cleaned up)). The critical question then in "all cases involving the application of *Heck* to a § 148(a)(1) conviction … is whether the specific act for which the plaintiff was convicted was resistance to the particular use of force the plaintiff alleges was unlawful." *Martell*, 115 F.4th at 1238.

Two cases—which also deal with the use of a canine during an arrest—illustrate the importance of a clear factual record to the *Heck* bar. In *Hooper v. Cnty. of San Diego*, the Ninth Circuit reversed a dismissal under *Heck* where the plaintiff's resistance and the officers' use of force could have been based on "different actions" during one transaction. 629 F.3d 1127, 1134 (9th Cir. 2011). There, the plaintiff was bitten by a police dog at some point during the same

---

**CIVIL MINUTES – GENERAL**                                                          **6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01501-FWS-JDE                               Date: June 13, 2025
Title: Juan David Veramancini *et al* v. County of Orange *et al*

encounter in which the plaintiff pleaded guilty to resisting arrest. *Id.* at 1129. But the court held her § 1983 claim should not have been dismissed at summary judgment because the record did not compel the conclusion that plaintiff pled guilty to resisting the dog bite itself. *Id.* at 1129, 1133-34.

Contrast *Hooper* with *Sanders*, in which the Ninth Circuit affirmed a dismissal under *Heck* when an officer ordered a police dog to bite the plaintiff during a struggle to arrest him. 14 F.4th at 970. The Ninth Circuit explained that the difference between the two cases was that the record in *Hooper* "was silent on which act or acts form the basis of [the plaintiff's] conviction." *Id.* at 972. While in *Sanders*, the plaintiff "stipulated that the factual basis for his conviction encompassed the three instances of resistance identified in the preliminary hearing transcript," so the dog bite was "unquestionably part of the actions that formed the basis of [the plaintiff's] conviction." *Id.*

This case is unlike *Sanders* in that the record does not show that Plaintiffs stipulated that their preliminary hearing transcript encompassed the factual basis of their guilty plea. (*See generally* Reply at 13 (acknowledging that the preliminary hearing transcript is not explicitly incorporated into the plea).) County Defendants urge the court to consider the preliminary hearing transcripts anyway as they maintain they provide "substantial evidence" that Torresmarini pleaded guilty to resisting the dog bite. (Reply at 13-14.) But that argument is inapt for this stage of the proceedings, where the court must make all reasonable inferences in favor the Plaintiffs. The court cannot say as a matter of law—based on a preliminary hearing where the purpose is to establish probable cause—that Plaintiffs pled guilty to resisting the allegedly excessive dog bite itself. *See Hooper*, 629 F.3d at 1133-34.

County Defendants further argue that the court cannot "'slice up the factual basis of a § 148(a)(1) conviction to avoid the *Heck* bar." (Mot. at 15 (quoting *Sanders*, 14 F.4th at 972).) However, the Ninth Circuit recently cautioned that this language from *Sanders* "must be understood in light of" the clear record available in that case. *Martell*, 115 F.4th at 1239. Moreover, the Ninth Circuit reinforced the rule that "when the factual predicate of the conviction is unclear from the record and conduct that would be sufficient to support the conviction was not obstruction of or resistance to the allegedly excessive force, success in the § 1983 suit would not necessarily imply the invalidity of the plaintiff's conviction, and the suit would not be barred." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01501-FWS-JDE                                Date: June 13, 2025
Title: Juan David Veramancini *et al* v. County of Orange *et al*

Because the factual predicate of Plaintiffs' convictions is not sufficiently clear from the record in this case, the court declines to hold that *Heck* bars Plaintiffs' claims at this stage of the proceedings.  *Wilson v. Doe 1*, 2022 WL 4227552, at *5 (C.D. Cal. Aug. 19, 2022), *report and recommendation adopted*, 2022 WL 4225378 (C.D. Cal. Sept. 13, 2022) ("On this record, and given the highly fact-dependent nature of the *Heck* inquiry, the Court cannot conclude that success on Plaintiff's Section 1983 claims would necessarily cast doubt on the validity of his Section 69 conviction.").  Therefore, the Motion is **DENIED** as to County Defendants' arguments under *Heck*.

### 2.    *Monell* Claim

"*Respondeat superior* or vicarious liability will not attach under § 1983."  *City of Canton v. Harris*, 489 U.S. 378, 392 (1989).  Rather, government entities may be held liable under § 1983 "only for 'their *own* illegal acts,'" not for their employees' actions.  *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)).  A government entity may be liable under section 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such a deprivation."  *Id.* (citing *Monell*, 436 U.S. at 692).  Consistent with these principles, a local government may be held liable under § 1983 based on three distinct theories: (1) the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicted the injury"; (2) the local government "fail[ed] to train employees in a manner that amounts to 'deliberate indifference' to a constitutional right, such that 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can be reasonably said to have been deliberately indifferent to the need'"; or (3) "the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it."  *Rodriguez v. Cnty of Los Angeles*, 891 F.3d 776, 802 (9th Cir. 2018) (some internal quotation marks omitted).  The parties dispute whether Plaintiffs adequately allege a *Monell* claim under any of these three theories.  (*See* Mot. at 14; Opp. 18).

### a.    **Unconstitutional Policy, Practice, or Custom**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01501-FWS-JDE                                 Date: June 13, 2025
Title: Juan David Veramancini *et al* v. County of Orange *et al*

To substantiate their claim that the County has an unconstitutional policy, Plaintiffs provide the following excerpt from the County's canine policy, "Once the individual has been located and no longer reasonably appears to represent a threat or risk of escape, the canine should be placed in a down-stay or otherwise secured as soon as it becomes reasonably practicable."  (TAC ¶ 52.)  Plaintiffs argue that the phrase "reasonably practicable" is "not self-enforcing" which results in "systemic misuse of K-9s on suspects who are already restrained or handcuffed."  (Opp. at 19.)  Plaintiffs also incorporate and rely on a 2018 Office of Independent Review ("OIR") Report which stated that the County's training scenarios "aim to 'maximize apprehension without a K-9 bite wherever possible,'" while also highlighting the need for "detailed guidance" and "increased accountability mechanisms".  (TAC ¶¶ 56, 58 (quoting the OIR Report).

"When … a plaintiff pursues liability based on a failure to act, she must allege that the municipality exhibited deliberate indifference to the violation of her federally protected rights." *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020).  "Deliberate indifference exists when the need for more or different action is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.*  "In some circumstances, the policy may be so facially deficient that any reasonable policymaker would recognize the need to take action.  When that is the case, a plaintiff need point only to the policy itself to establish that the municipality's policymakers were on notice that the plaintiff's federally protected rights would likely be violated if they failed to act." *Id.* (citation modified).  "Alternatively, if the policy is not obviously, facially deficient, a plaintiff must ordinarily point to a pattern of prior, similar violations of federally protected rights, of which the relevant policymakers had actual or constructive notice." *Id.*

In *Hyun Ju Park*, the Ninth Circuit held that a *Monell* claim based on a written policy was properly dismissed because the plaintiff did not plausibly allege that the need for a different policy was obvious.  952 F.3d at 1141-43.  The plaintiff—a bartender who was accidentally shot by an off-duty police officer who had been drinking in plaintiff's bar—could not state a *Monell* claim against the city based on a policy which required officers to carry a firearm unless their "physical and/or mental processes are impaired because of consumption or use of alcohol." *Id.*  A "reasonable officer" who interpreted the policy would not have assumed it required them to bring their firearm with them to a bar where they intended to drink. *Id.* at 1142.  Nor did the

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01501-FWS-JDE                                Date: June 13, 2025
Title: Juan David Veramancini *et al* v. County of Orange *et al*

plaintiff allege a pattern of prior similar incidents. *Id.* Therefore, the plaintiff's allegations failed to plead deliberate indifference. *Id.*

In this case, the court finds that Plaintiffs fail to sufficiently allege an unconstitutional policy. A "reasonable officer" that interpreted the written policy would understand it to instruct them to avoid using canines on suspects that no longer prevent a risk of escape. *See id.* at 1142. Plaintiffs argue that the policy is unconstitutional because it is not "self-enforcing," but they do not demonstrate what that means nor how it demonstrates a facial deficiency that is "so obvious that any reasonable policymaker would have recognized the need for reform." (Opp. at 19); *Hyun Ju Park*, 952 F.3d at 1142.

Because the court finds that the written policy is not facially deficient, the court turns to Plaintiffs' secondary argument: that the OIR Report obviates the need to point to a pattern of prior, similar violations. (Opp. at 19.) Plaintiffs argue that the OIR demonstrates the County's "refusal to share canine deployment logs, failure to make training materials available, and absence of post-incident review mechanisms." (*Id.*) Plaintiffs do not allege that this report detailed a pattern of prior, similar, violations nor do they point to legal authority that would suggest the OIR report sufficiently reflects deliberate indifference. (*See id.*) Therefore, the court finds that Plaintiffs have not adequately alleged a *Monell* claim based on unconstitutional policy. *See Bagley v. City of Sunnyvale*, 2017 WL 5068567, at \*5 (N.D. Cal. Nov. 3, 2017) ("Plaintiff cites no cases suggesting that vague reports of two incidents are sufficient to deny a motion to dismiss a *Monell* claim. Where courts have allowed *Monell* claims to proceed at the motion to dismiss stage, plaintiffs have pled multiple incidents of alleged violations.")

### b.      Failure to Train

Plaintiffs argue that they adequately allege a failure-to-train claim based on "a documented pattern of violations corroborated by external oversight and cite multiple deputies who acted in concert." (Opp. at 20.)

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61. "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Id.* "Under this standard, the plaintiff

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01501-FWS-JDE                                     Date: June 13, 2025
Title: Juan David Veramancini *et al* v. County of Orange *et al*

must allege facts to show that the official disregarded the known or obvious consequence that a particular omission in their training program would cause municipal employees to violate citizens' constitutional rights." *Hyde v. City of Wilcox*, 23 F.4th 863, 874 (9th Cir. 2022) (citation modified).

Plaintiffs cite paragraphs 24-31 and 41 of the TAC for the proposition that they allege a "documented pattern of violations." (Opp. at 20.) But the court observes the portion of the TAC that Plaintiffs cite refers only to the incident at issue in this case. (*See* TAC ¶¶ 24-31, 41.) To the extent Plaintiffs argue that the incident in this case should be regarded as multiple incidents because multiple officers were involved, the court is not persuaded. (*See* Opp. at 20.) The reason that multiple incidents can serve to establish a failure-to-train claim is because the pattern of actions will provide "actual or constructive notice that an omission in their training program causes employees to violate citizens' constitutional rights." *Oliveira v. Cnty. of Madera*, 2017 WL 4151272, at *11 (E.D. Cal. Sept. 19, 2017). A single alleged incident, even if it involved multiple municipal employees, does not show that the County was on prior notice of a deficiency in their training program and Plaintiffs do not cite legal authority that says otherwise. (Opp. at 19-20.)

Nor is this case within the "narrow range of circumstances in which a pattern of similar violations might not be necessary to show deliberate indifference." *Flores v. Cnty. of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014). That narrow range of circumstances requires a plaintiff to show that the consequences of the deficient training program are "so obvious" that the municipality can reasonably be said to have been "deliberately indifferent" to the need for training. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989). The court finds that the TAC does not reflect such circumstances. (*See* TAC ¶ 57 (noting the County's "advanced training facilities"); *id.* ¶ 56 (The "OIR report also stated that [the County's] training scenarios aim to 'maximize apprehension without a K-9 bite wherever possible.'").) Therefore, the court finds that Plaintiffs do not adequately allege a failure-to-train theory of *Monell* liability.

### c.    Ratification

Plaintiffs argue that they adequately allege a *Monell* claim based on ratification because the County "knowingly failed to discipline or investigate the deputies involved, despite the fact that this type of conduct had already been flagged in the OIR Report." (Opp at 20.)

_____

**CIVIL MINUTES – GENERAL**                                                                                11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01501-FWS-JDE                          Date: June 13, 2025
Title: Juan David Veramancini *et al* v. County of Orange *et al*

"A municipality…can be liable for an isolated constitutional violation if the final policymaker 'ratified' a subordinate's actions." *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999). Ratification requires an authorized policymaker to approve a subordinate's decision and the basis for it. *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). "The policymaker must have knowledge of the constitutional violation and actually approve of it." *Id.* Normally, a "mere failure to discipline does not amount to ratification of allegedly unconstitutional actions." *Dodge v. Evergreen Sch. Dist. #114*, 56 F.4th 767, 788 (9th Cir. 2022) (citation modified); *see also Koenig v. City of Bainbridge Island*, 2011 WL 3759779, at *8 (W.D. Wash. Aug. 25, 2011) (holding that "in order for there to be ratification, there must be something more than a single failure to discipline"). But a failure to discipline despite "evidence of 'identical incidents' to that alleged by plaintiff" might constitute ratification. *See Velazquez v. City of Long* Beach, 793 F.3d 1010, 1027 (9th Cir. 2015).

As with Plaintiffs' failure-to-train argument, the court notes Plaintiffs do not actually refer the court to any allegations of similar incidents. (*See* TAC ¶¶ 65-66.) Therefore, the court understands Plaintiffs to argue that the County's failure to discipline the Deputy Defendants amounts to ratification, but that is not how courts understand ratification. *See Garcia v. City of Imperial*, 2010 WL 3911457, at *2 (S.D. Cal. Oct. 4, 2010) ("[F]or there to be ratification, there must be 'something more' than a single failure to discipline or the fact that a policymaker concluded that the defendant officer's actions were in keeping with the applicable policies and procedures.")

Accordingly, because the court finds that Plaintiffs fail to state a *Monell* claim against the County of Orange on each of their theories, the Motion is **GRANTED** as to Plaintiffs' § 1983 claim against the County of Orange. Plaintiffs' *Monell* claims against the County are subject to the same deficiencies that this court identified in prior orders dismissing *Monell* claims against Costa Mesa. (*See generally* Dkts. 88, 113.) Plaintiffs attempted to cure these deficiencies in their TAC. (*See* Opp. at 20 ("Unlike in the Costa Mesa dismissal where no ratification was established…").) Given Plaintiffs' repeated attempts to cure these deficiencies, the court finds that granting leave to amend would be futile. "Nothing in the record suggests that [Plaintiffs] could allege any new facts that would suffice to plausibly state its claims, and [Plaintiffs do] not offer any explanation regarding how further amendment could cure the identified deficiencies." *Treadstone Servs. v. Blue Shield of California Life & Health Ins. Co.*, 2024 WL 2002999, at *6

---

**CIVIL MINUTES – GENERAL**                                                    **12**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01501-FWS-JDE                                    Date: June 13, 2025
Title: Juan David Veramancini *et al* v. County of Orange *et al*

(C.D. Cal. Mar. 27, 2024); *see also Vieira v. Mentor Worldwide, LLC*, 392 F. Supp. 3d 1117, 1132-33 (C.D. Cal. 2019), *aff'd,* 845 F. App'x 503 (9th Cir. 2021) ("The Court denies leave to amend because Plaintiffs have not explained how further amendment could cure the pleading deficiencies in their Complaint.  As Plaintiffs have had two opportunities to properly plead their claims, the Court concludes that granting further leave to amend would be futile.").  Moreover, "[t]he district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint."  *Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986).  Based on the record, as applied to the applicable law, and in the court's discretion, Plaintiffs' *Monell* claim against the County of Orange is **DISMISSED WITHOUT LEAVE TO AMEND**.

### 3.     Immunity

County Defendants argue various federal and state immunities protect the Deputy Defendants from liability on Plaintiffs' claims.  (*See* Mot. at 24-26.)  Specifically, they argue that the doctrine of qualified immunity protects the Deputy Defendants from the § 1983 claim, and that Cal. Gov. Code §§ 820.2, 845.8 immunize the Deputy Defendants from Plaintiffs' state law claims.  (*See id.*)  The court finds, however, that accepting these arguments at this stage of the proceedings would require the court to impermissibly disregard allegations in the TAC.  *See, e.g., Sprewell*, 266 F.3d at 988 ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.")

County Defendants argue that the Deputy Defendants are entitled to qualified immunity because officers are regularly found to be entitled to qualified immunity when they use canines to apprehend resisting, fleeing, or hiding suspects.  (Mot. at 24 (collecting cases).)  But that is not the issue in this case.  The TAC alleges that Plaintiffs were not resisting, fleeing, or hiding when the officers used their canines.  (TAC ¶¶ 24, 48.)  Taking those allegations as true, the Deputy Defendants are not entitled to qualified immunity at this stage because "the law has clearly established that a police officer's use of force on a suspect who does not pose an immediate threat to his or her safety is excessive and impermissible."  *Jaramillo v. City of San Mateo*, 76 F. Supp. 3d 905, 923 (N.D. Cal. 2014).  Similarly, County Defendants' argument that Cal. Gov. Code § 820.2—which provides immunity for some discretionary acts—immunizes the Deputy Defendants does not require dismissal at this stage of the proceedings because "§ 820.2 does not shield from liability government employees who use excessive force in

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01501-FWS-JDE                              Date: June 13, 2025
Title: Juan David Veramancini *et al* v. County of Orange *et al*

carrying out their duties." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 799 (9th Cir. 2018).  Likewise, although "§ 845.8 immunizes officers from liability for injuries suffered by a person resisting arrest, the California Supreme Court has determined that this immunity does not extend to the officer's use of excessive force." *Chavez v. Cnty. of Kern*, 2014 WL 412562, at *6 (E.D. Cal. Feb. 3, 2014).  In sum, County Defendants' immunity arguments[5] all depend on the conclusion that the Deputy Defendants did not use excessive force—an argument that contradicts the allegations of the TAC and is inappropriate at this stage of the proceedings. Therefore, the Motion is **DENIED** to the extent it invokes qualified immunity and §§ 820.2, 845.8.

### 4.      County and Veramancini Allegations

The County Defendants argue that the TAC does not allege any involvement of County Defendants in the arrest of Veramancini.  (Mot. at 20-21.)  The court observes the TAC alleges that Veramancini and Torresmarini were arrested in different locations.  (TAC ¶¶ 24-25.) County Defendants argue that "logically, it makes sense that each agency, the City and the County, was involved in the separate arrests of each Plaintiff."  (Reply at 21.)  However, the TAC alleges that upon "being restrained by [the Deputy Defendants] and [Costa Mesa Officers]," Veramancini was subject to a canine bite.  (TAC ¶ 24.)  Reaching the conclusion that no Deputy Defendants were involved in Veramancini's arrest would require drawing a disfavorable inference from Plaintiffs' TAC, which this court cannot do at this stage of the proceedings. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Therefore, the Motion's request to dismiss Veramancini's claims against the County Defendants is **DENIED**.

### B.      Punitive Damages

Finally, the County Defendants ask the court to strike Plaintiffs' request for punitive damages under Rule 12(f) or 12(b)(6).  (Reply at 22.)  The court declines to do so.  A "jury may assess punitive damages under Section 1983 when a defendant's conduct involves 'reckless or

---

[5] The County argues that they are immune under Gov. Code § 815.2(b) which provides immunity for a municipality for actions taken by employees for which the employees are immune.  (Reply at 20.)  The court does not reach this issue because the court rejects the argument that the Deputy Defendants are immune at this stage.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01501-FWS-JDE                                   Date: June 13, 2025
Title: Juan David Veramancini *et al* v. County of Orange *et al*

callous indifference to the federally protected rights of others' without regard to actual intent or malice." *Meier v. City of Brisbane,* 2022 WL 523327, at *6 (N.D. Cal. Feb. 22, 2022) (finding that allegations of knowing, malicious, or reckless disregard justified a request for punitive damages at the pleading stage). In this case, the court finds that allegations of deliberately using a canine on a restrained suspect are sufficient to support a request for punitive damages at this early stage. *See* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Therefore, the Motion's request to strike punitive damages is **DENIED**.

## V.      Disposition

The Motion is **GRANTED** as to Plaintiffs' first cause of action for violation of civil rights alleged against the County of Orange. Accordingly, the Excessive Force 42 U.S.C. § 1983 claim against the County of Orange is **DISMISSED WITHOUT LEAVE TO AMEND.**

In all other respects, the Motion is **DENIED.** County Defendants shall file a responsive pleading to the TAC on or before **June 27, 2025.**

_____