UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01501-FWS-JDE                     Date: February 4, 2026
Title: Juan David Veramancini *et al.* v. County of Orange *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

　Rolls Royce Paschal　　　　　　　　　　　　　　　N/A
Deputy Clerk　　　　　　　　　　　　　　　　　Court Reporter

Attorneys Present for Plaintiffs:　　　　　　Attorneys Present for Defendants:

　　Not Present　　　　　　　　　　　　　　Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE RE SANCTIONS**

For at least the third time in this case, Plaintiffs' counsel has submitted briefing containing inaccurate case quotations and characterizations indicative of likely AI use.  The most recent time came in Plaintiffs' oppositions to Defendants' motions for summary judgment. (Dkts. 142 ("County Opp."); 153 ("McMorris Opp.").)  The court held a hearing on the motions on January 29, 2026.  (Dkt. 162.)  At the hearing, the court asked Plaintiffs' counsel if he (1) verified the accuracy of the quotations and case characterizations in his briefs and     (2) complied with the court's civil standing order in preparing his statements of genuine disputes of fact.  For the following reasons, the court finds Plaintiffs' counsel's answers to those questions were insufficient and directs him to show cause why sanctions should not issue.

**I.　　Inaccurate Quotations and Case Summaries**

Earlier in this case, at the motion to dismiss stage, the court warned Plaintiffs' counsel that his briefing contained several hallucinated quotations.  (Dkt. 110.)  Plaintiffs' counsel submitted a filing which explained that he "inadvertently" placed summaries of certain cases within quotation marks even though those quotes did not appear in the cases.  (Dkt. 111 at 2.)  Further, Plaintiffs' counsel acknowledged that his characterization of *Gonzalez v. City of Anaheim*, 747 F.3d 789 (9th Cir. 2014), "was not a good interpretation of the case proceedings." (*Id.*)  Plaintiff represented that he would correct these errors going forward.  (*Id.* at 4-5.)

Later in the case, Plaintiff's counsel submitted a brief which relied on *Dillenbeck v. City of Los Angeles*, 69 Cal. 2d 472 (1968), for the proposition that "California's Supreme Court long ago held that § 821.6 does not apply to claims of assault, battery, or excessive force."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01501-FWS-JDE                                   Date: February 4, 2026
Title: Juan David Veramancini *et al.* v. County of Orange *et al.*

(Dkt. 123 at 23.)  In their reply brief, defense counsel accurately pointed out that *Dillenbeck*
"does not discuss this Code section whatsoever." (Dkt. 124 at 19.)  The court again raised this
issue with Plaintiffs' counsel at a hearing. (Dkt. 128.)

The court observes that errors continue in Plaintiffs' counsel's latest briefing.  Take one
example: Plaintiffs' counsel represents that *Hooper v. Cnty. of San Diego*, 629 F.3d 1127 (9th
Cir. 2011), contains the following quote: "One continuous encounter may contain different
actions, some of which support a conviction and others which do not." (County Opp. at 19.)
This is not an unfair summary of *Hooper*, but it is not a quotation present in the case.  As
another example, Plaintiffs' counsel contends that an exhibit reflects a helicopter pilot stating
"'We've got a 245 – assault on a peace officer!'" (County Opp. at 10.)  The court does not find
that phrase at the cited location.  Instead, the pilot appears to say "be advised these guys just did
245 one of our officers with their vehicle." (Dkt. 142-24 at 0:25:35 – 0:27:00.)  As one more
example, Plaintiffs' counsel describes *Espinosa v. City & Cnty. of San Francisco*, 598 F.3d 528
(9th Cir. 2010) with the following parenthetical: "(liability where an officer's misidentification
'set the events in motion')". (County Opp. at 24.)  That quote is not included as language in the
case, nor does the court understand how Plaintiffs' counsel read the case to support that
parenthetical or how that parenthetical could be offered within reasonable bounds of advocacy.

The above examples are not exhaustive.  These misrepresentations—which are of the
same type that Plaintiffs' counsel has already been cautioned about in this same case—strain the
resources of the court and of opposing counsel and, worse, increase the risk of error in this case.
At the hearing, Plaintiffs' counsel represented to the court that he read each case in his briefs
and stood by each quotation.  And Plaintiffs' counsel was adamant that he does not use artificial
intelligence to draft his briefs.  Given that, the court must issue this order to show cause so
Plaintiffs' counsel can explain the cause of these repeated errors and how he will stop making
them in this case and others.

## II.    Frivolous Disputes of Fact

In addition to the inaccurate quotations and characterizations, Plaintiffs' counsel
submitted responses to Defendants' statements of uncontroverted fact that appear to the court to
be frivolous.  In response to one purported fact, that "Torresmarini abandoned his vehicle and
fled on foot," Plaintiffs' counsel submitted the following response:

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01501-FWS-JDE                          Date: February 4, 2026
Title: Juan David Veramancini *et al.* v. County of Orange *et al.*

Disputed (in part / clarified). Torresmarini exited the truck only after Deputy Billinger's head-on collision, fearing for his life amid blaring sirens and the erroneous '245 on a peace officer' broadcast. He ran briefly to seek cover, believing the deputies—who had just rammed him—might open fire. He did not flee to resist or evade arrest once cornered. At the preliminary hearing, the prosecutor stated, 'There are multiple 148s,' and the magistrate clarified that Count 16 (the 'fire-pit incident') was 'delay… not just resisting' (Ex. H p. 17 l. 11; p. 26 ll. 16-18). Judge Slaughter's June 13 2025 Order likewise held that the § 148(a)(1) plea encompassed only pre-arrest delay/evade conduct, not post-surrender actions or physical resistance, and therefore does not bar the excessive-force claim. Accordingly, while Torresmarini concedes leaving the vehicle, he disputes the County's implication that he 'fled' in a criminal or violent sense. His brief retreat was a defensive reaction to Billinger's unlawful ramming, not resistance to arrest.

(Dkt. 142-1 ¶ 5.) The court does not understand how Plaintiffs' counsel found this fact to be in dispute—indeed, Plaintiffs' counsel states in his briefing: "After the collision, Torresmarini, frightened and disoriented, fled on foot." (County Opp. at 10.) Plaintiffs submitted similarly lengthy, and often irrelevant, disputes to nearly every purported fact. (Dkts. 142-1; 153-1.) Not only did Plaintiffs' counsel violate the court's Civil Standing Order, (Dkt. 7 at 8-10 (explaining that disputes should be brief and not contain legal argument)), he also invented work for this court and opposing counsel. And, by multiplying the proceedings with frivolous arguments, Plaintiffs' counsel distracted from the real disputes in this litigation.

## III.   Summary

For the above reasons, the court **ORDERS** Plaintiffs' counsel to show cause in writing on or before **February 13, 2026, at 5:00 p.m.** why sanctions should not issue against him.