_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          JS-6

Case No. 8:22-cv-01501-FWS-JDE                    Date: July 7, 2026
Title: Juan David Veramancini *et al.* v. County of Orange *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

    Rolls Royce Paschal                                    N/A
     Deputy Clerk                                      Court Reporter

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

      Not Present                                    Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE BROUGHT BY
                PLAINTIFF RODRIGO TORRESMARINI FOR FAILURE TO
                COMPLY WITH A COURT ORDER**

Plaintiff Rodrigo Torresmarini claims that Defendants the County of Orange, Deputy Kevin Reinhardt, Deputy Sean Kalmen, Deputy Robert Blackburn, and Deputy David McElwain (collectively "Defendants") used, or supervised the use of, excessive force during Plaintiff's arrest following a residential burglary.[1]  (*See generally* Dkt. 116 ("TAC").)  Trial is set for July 21, 2026.  (Dkts. 228.)  On May 7, 2026, Plaintiff filed a motion for leave to testify remotely at the upcoming trial because Plaintiff had been deported about a year prior and thus cannot testify in person.  (Dkt. 204.)  The court denied Plaintiff's motion for leave to testify remotely and ordered Plaintiff to show cause "why the court should not dismiss this case due to Plaintiff's inability to testify in a manner that ensures that the accuracy of witness statements may be tested by cross-examination and to allow the trier of fact to observe the appearance and demeanor of the witnesses."  (Dkt. 229 ("OSC") (cleaned up).)  Plaintiff filed a response to the OSC.  (Dkt. 230 ("Response").)  Defendants filed a reply to the Response.  (Dkt. 231.)  The court held a hearing on the OSC on June 18, 2026.  (Dkt. 232.)  Based on the state of the record, as applied to the relevant law, the court **DISMISSES** Plaintiff's case.

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion."  *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992); *see also Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683,

_____

[1] The court has already dismissed the claims brought by Plaintiff Juan David Veramancini. (Dkt. 191.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        # JS-6

Case No. 8:22-cv-01501-FWS-JDE                    Date: July 7, 2026
Title: Juan David Veramancini *et al.* v. County of Orange *et al.*

689 (9th Cir. 2005) (recognizing that a court may *sua sponte* dismiss an action pursuant to Rule 41(b)).  When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (cleaned up).

The court finds that four of the five factors favor dismissal.  "The first two [factors] ... relate[ ] to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980).  On the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  And the second factor—the court's need to manage its docket—also favors dismissal here because the court has expended an inordinate amount of resources to find an avenue for this case to proceed despite Plaintiff's inability to appear in-person.  (*See* Dkts. 178 (order denying Plaintiff's motion for leave to appear remotely at a court-ordered settlement conference); 180 (status conference on the viability of a remote settlement conference); 185 (minutes of settlement conference before Magistrate Judge John D. Early who noted that the effectiveness of the settlement conference was limited due to difficulties associated with Plaintiff's remote status); 186 (court's prior order to show cause for failure to comply with the court's order to meaningfully participate in a settlement conference).)  This investment redirects "valuable time that [the court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *see also Swapna v. Deshraj*, 2019 WL 235038, at *3 (N.D. Cal. Jan. 16, 2019) ("Throughout this litigation, Plaintiff has failed to comply with Court orders, failed to appear for mandatory settlement conferences, and failed to diligently prosecute this action, all of which have delayed the prosecution of this action.").

It is the third and fourth factors that the court finds weigh particularly heavily in favor of dismissal.  As to the third factor, to determine "whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   # JS-6

Case No. 8:22-cv-01501-FWS-JDE                    Date: July 7, 2026
Title: Juan David Veramancini *et al.* v. County of Orange *et al.*

(9th Cir. 1987).  Here, the court finds that Plaintiff's proposed path forward—that he testify remotely while Defendants testify in person—would seriously interfere with the rightful decision of this case.  *See id.*  As already discussed in the OSC, "'The importance of presenting live testimony in court cannot be forgotten.  The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling.  The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.'"  *In re Kirkland*, 75 F.4th 1030, 1044 (9th Cir. 2023) (citing Fed. R Civ. P. 43(a) advisory committee's note to 1996 amendment); *see United States v. Mejia*, 69 F.3d 309, 315 (9th Cir. 1995) ("There can be no doubt that seeing a witness testify live assists the finder of fact in evaluating the witness's credibility.").  The ceremony of trial is particularly important in this case.  Plaintiff's counsel confirmed that Plaintiff is the only percipient witness—other than the Defendant officers—of his arrest.  (Dkt. 232 (hearing); *see also* Dkt. 200 (Plaintiff's proposed witness list).)  And, as the Ninth Circuit has consistently noted in the summary-judgment context, "police misconduct cases almost always turn on a jury's credibility determinations."  *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002).  Indeed, the court already fully discussed the issues presented by remote testimony in this case in the OSC.  (*See generally* OSC.)  To be clear, the court does not find that remote testimony by a plaintiff would significantly prejudice a defendant in every case.  This case, however, presents a situation where the outcome will turn almost entirely on whose account of the arrest the jury credits.  The court finds that allowing Plaintiff to present his case remotely, while Defendants would present in court, would create manifest prejudice and interfere with the rightful decision of the case.

The fourth factor also weighs heavily in the court's decision because the court cannot conceive of a viable alternative short of dismissal.  A "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).  The court expected Plaintiff to propose reasonable alternatives to dismissal in response to the OSC; Plaintiff chose instead to relitigate the court's order denying Plaintiff's request to appear remotely.  (*See generally* Response.)  Despite that, the court has considered alternatives to dismissal and finds that none are viable.  A continuance of the coming trial would not solve the issue because Plaintiff has already stated that he can "never . . . return to the United States."  (Dkt. 174 at 2.)  Allowing Plaintiff to present his case through other witnesses would be impossible given the lack of other percipient witnesses—a fact that Plaintiff's counsel confirmed at the hearing.  (*See* Dkt. 232.)  Nor could Plaintiff present his case through his

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        JS-6

Case No. 8:22-cv-01501-FWS-JDE                    Date: July 7, 2026
Title: Juan David Veramancini *et al.* v. County of Orange *et al.*

_____

deposition testimony because such a solution provides even less opportunity for the jury to consider Plaintiff's demeanor on the stand and other factors affecting his credibility, and forecloses a proper cross examination. *See Berroteran v. Superior Ct.*, 12 Cal. 5th 867, 891–92 (2022) ("Trial testimony is presented for the related purposes of providing an evidentiary foundation for a favorable judgment and persuading the trier of fact to render such a judgment. Although depositions are sometimes conducted to preserve the testimony of a witness for trial, many are commonly conducted for the purpose of discovery.  The goal of discovery depositions is ordinarily twofold: to obtain information from the witness and to provide a foundation for the witness's impeachment, if necessary, at trial.  Because a deposition transcript commits the witness to specific, sworn testimony on issues of significance to the litigation, it can be used to cast doubt on a deponent who departs from prior testimony on the stand.  A discovery deposition, in other words, is normally intended as a *precursor* to trial testimony — not as a substitute for such testimony.") (cleaned up).  Moreover, and again, the court has endeavored to make it clear to Plaintiff that dismissal would result if Plaintiff did not testify in person and Plaintiff has not proposed meaningful alternatives. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) ("[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.").  The court is therefore left to consider whether dismissal should be with or without prejudice.  The court finds that dismissal without prejudice would be inappropriate. Plaintiff would not benefit from a dismissal without prejudice because there is no indication that he can ever testify in person.  Defendants, by contrast, would be prejudiced if this case—which has already been litigated past summary judgment—could be reinstated at some unknown point in the future.  Accordingly, the court finds that dismissal with prejudice is the only appropriate path forward.

On the fifth factor, the court acknowledges that the public policy favoring disposition on the merits often weighs against dismissal.  *See Pagtalunan*, 291 F.3d at 642.  But the court has little confidence that Plaintiff's proposed path forward will lead to a disposition on the merits given the serious problems posed by remote testimony.  (*See generally* OSC); *Cf. In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) ("[A] case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits.").  Accordingly, the court finds that this factor does not weigh so strongly against dismissal as to overcome the other four factors.  The court thus finds that the enumerated factors largely support dismissal.

_____

**CIVIL MINUTES – GENERAL**                                        **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** JS-6

Case No. 8:22-cv-01501-FWS-JDE                    Date: July 7, 2026
Title: Juan David Veramancini *et al.* v. County of Orange *et al.*

The court notes that trial has yet to occur and that Plaintiff has therefore not yet failed to comply with the court's order that Plaintiff shall testify in person. However, Plaintiff has made clear that he cannot and will not appear in person for the first day of trial on July 21, 2026, despite the court's order denying his motion for leave to testify remotely. (*See* Response; Dkt. 174 at 2 (representing that Plaintiff can never return to the United States).) Trial is now too close to put off dismissal any longer. To allow this case to linger on the docket would prejudice Defendants as they continue to prepare for a trial that does not have a clear path forward. Most importantly, the court would soon have to empanel a pool of jurors for a case that cannot proceed—a step which the court is disinclined to take. Accordingly, the court finds that dismissal is appropriate at this time as a response to Plaintiff's notice that he will be unable to testify in person in compliance with the court's order.

For the reasons stated above, Plaintiff's case is **DISMISSED WITH PREJUDICE.** The clerk of court is respectfully directed to close this case.